UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 12-24239-CIV-LENARD/O'SULLIVAN

DENARII SYSTEMS, LLC,

    Plaintiff,

v.

OMAR ARAB and
GREYNIER FUENTES,

    Defendants.
_____/

**MOTION TO DISMISS DEFENDANT OMAR ARAB'S COUNTERCLAIM
AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

    Plaintiff, Denarii Systems, LLC ("Denarii"), by and through its undersigned counsel, files this Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses [D.E. 4], and in support states as follows:

**INTRODUCTION**

    In his counterclaim, Defendant Omar Arab brazenly asserts that he is owed $10,000 in alleged under-the-table payments based upon an unenforceable oral agreement for "additional" compensation above and beyond his salary paid by Plaintiff Denarii. These claims, however, fail to allege any adequate consideration or additional benefit provided on which to premise an enforceable agreement for additional compensation where Arab has both acknowledged his preexisting duties to Denarii, and has received his salary for all work rendered. Furthermore, any such agreement, undertaken to evade income tax through unreported income, would be contrary to public policy. As a result, the alleged agreement Arab seeks to rely upon would thereby prove

void and unenforceable under Florida law.  Given these failures, Arab's counterclaim fails to state a claim upon which relief may be granted, and must therefore be dismissed.

Within this same document, Defendants Omar Arab and Greynier Fuentes ("Defendants") have asserted eight affirmative defenses that are each insufficient as a matter of law.  Far from providing Plaintiff Denarii with notice of any proposed defenses that would otherwise bar Defendants' liability, Defendants have instead listed a series of conclusory legal theories without once indicating how these theories are connected to the facts and case at hand.  Moreover, as Defendants themselves have recognized – perhaps inadvertently – within bracketed comments following their Sixth, Seventh, and Eighth Affirmative Defenses, these defenses are inapplicable within the present context and do not constitute proper affirmative defenses.  As a result, Defendants' conclusory list of denials and legal theories are properly stricken.  Pursuant to Federal Rule 12(g), this Motion will address both the dismissal of Arab's Counterclaim, as well as the striking of Defendants' Affirmative Defenses, in Sections 1 and 2, respectively.

1. **DEFENDANT OMAR ARAB'S COUNTERCLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is properly granted where the claimant is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  As the Supreme Court has stated, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 545.  Moreover, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will

support the cause of action." *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Such is the case here.

## ARGUMENT

**I.   Arab's breach of employment agreement claim fails to sufficiently allege the existence of a valid and enforceable agreement supported by adequate consideration, and is therefore subject to dismissal.**

Within Count I of his Counterclaim, Arab sets forth a breach of contract claim seeking payment of additional compensation that was allegedly owed to him by Plaintiff Denarii pursuant to an unwritten agreement by which under-the-table, cash payments were to be made to Arab. As Arab's Counterclaim indicates, these $10,000 monthly payments never comprised Arab's entire salary and were not made by Plaintiff Denarii, but were instead "additional" payments that commenced several months after Arab was hired by Denarii. *See* ¶ 76, Answer and Counterclaims [D.E. 4]. As discussed below, Arab's allegations fail to allege that any consideration was provided for these "additional" payments. As a result, the agreement that serves as the basis for the Counterclaim is a legally unenforceable contract under Florida law, and in turn subjects Count I of Arab's claim to dismissal.

Under Florida law, a claimant bringing a breach of contract claim must establish: (1) a valid contract; (2) a material breach; and (3) damages. *Hill v. Lazarou Enterprises, Inc.*, 2011 WL 860526, at *13 (S.D. Fla. Feb. 18, 2011) (citing *Beck v. Lazard Feres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). Further, in order to establish the presence of a valid contract, a plaintiff must allege the existence of: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement. *St. Joe Corp v. McIver*, 875 So.2d 374, 381 (Fla. 2004). Where it is clear that the contract sued upon is unenforceable, dismissal is warranted for failure to state a claim. *See, e.g., Diaz-Verson v. Bank of America*,

N.A., 159 F.Appx. 71, 72 (11th Cir. 2005) (affirming district court's dismissal of breach claim where alleged oral agreement was unenforceable under Florida law).  In this way, failure to adequately plead consideration for the purposes of establishing a valid contract is grounds for dismissal, even where the claimant has alleged the overall presence of a valid contract.  *Senter v. JPMorgan Chase Bank, N.A.*, 810 F.Supp.2d 1339, 1348 (S.D. Fla. 2011) (dismissing breach of contract claim with prejudice where plaintiffs had not adequately pled existence of valid consideration).

In *Senter v. JPMorgan Chase Bank*, for example, the plaintiff mortgage-holders brought a breach of contract claim alleging that the defendant bank breached its agreement with plaintiffs after extending a trial period plan agreement (whereby the bank allowed for lower payments during a three-month trial period), and then denying a permanent modification of plaintiffs' home loans.  810 F.Supp.2d 1339.  In that case, the defendants argued that the trial period plan agreements ("TPP Agreements") were not valid and enforceable contracts due to the fact that no additional consideration had been rendered by the plaintiffs in connection with the TPP agreements.  *Id*. at 1346.  While the plaintiffs alleged the existence of both a valid contract and valid consideration, the Court found that no valid consideration could be found given the plaintiffs' preexisting obligations.  *Id*. at 1348-49.  Reaching the issue on a motion to dismiss, Judge Dimitrouleas held:

> The Court agrees with the Defendants that the Plaintiffs have failed to adequately plead consideration for the purposes of establishing a valid contract.  The consideration pled by the Plaintiffs consists primarily of both preexisting obligations arising from the Plaintiffs' mortgage notes and conditions of application to be considered for the extension of a TPP Agreement. […]
>
> As such, the Court cannot conclude that the Plaintiffs have stated a plausible claim for relief in Count I of the Complaint as they failed to adequately plead consideration.

*Id*. at 1348-49.  As *Senter* instructs, dismissal is therefore warranted where a claimant is unable to adequately plead consideration in keeping with the requirements of Florida law, even despite making general allegations that a valid contract exists.

In the present case – like in *Senter* – Arab has alleged the presence of a valid contract in a conclusory manner that falls short of pleading standards.  Here, Arab has failed to allege the elements of a valid contract: namely, an offer, acceptance, consideration, and sufficient specification.  *See St. Joe Corp v. McIver*, 875 So.2d at 381.  Moreover, Arab is unable to adequately plead consideration in light of his preexisting duty to Denarii as an employee of Denarii—a failure which in turn subjects his claims to dismissal.

Taking the pleadings solely upon their face, Arab admits in his Answer to Plaintiff's Complaint that he was "hired as an employee of Denarii on August 15, 2011," and acted "as Denarii's Chief Technology Officer."  *See* Answer and Counterclaims at ¶ 9; Complaint at ¶ 9.  Arab then states in his Counterclaim that:

> 77.   Beginning in or around October, 2011, Mr. Arab received an additional $10,000 payment per month in relation to his employment with Denarii.  From October, 2011, through September, 2012, Mr. Arab received $10,000 monthly as directed by Mr. Enrique Cadena, the majority shareholder of Denarii.
>
> 78.   At first, these payments took the form of cash.  Mr. Arab also received these payments from a company account, and later from a Chase bank account in the name of Enrique Cadena.

Answer and Counterclaims at ¶ 77-78.  However, Arab fails to allege any consideration for these "additional" payments that were made separately from those salary payments made by Denarii, and were only made several months after Arab's employment began.  As the Counterclaim demonstrates, these "additional" payments did not come from Denarii at all, but "first … took the form of cash," before being transferred from accounts not associated with Denarii.  Answer and Counterclaims at ¶ 77.

Under Arab's own allegations, he is unable to establish adequate consideration in light of his preexisting duties to Denarii. For as Florida law makes clear, "performance that does not differ from what was previously due is insufficient consideration to support an enforceable promise." *In re Annicott Excellence, LLC*, 259 B.R. 782, 792 (Bankr. M.D. Fla. 2001) (citing *International Insurance Co. v. Johns*, 874 F.2d 1447, 1465, n.36 (11th Cir. 1989)). Therefore, "a promise made by an employee to perform for additional compensation an act within the scope of an already established employment relationship is insufficient to support an enforceable contract for such additional compensation." *In re Annicott,* 259 B.R. at 792-93.

In the present case, Arab had preexisting duties to Denarii that were undertaken at the start of his employment on August 15, 2011. Despite his allegations of a subsequent October, 2011 agreement, Arab's pleadings fail to allege any adequate consideration outside the scope of his already established employment relationship that would be sufficient to support an enforceable contract for the additional compensation Arab claims to be owed. Therefore, as both *Senter* and *In re Annicott* demonstrate, Arab has premised his claims for breach of employment agreement upon an unenforceable contract which fails on account of insufficient consideration. As a result, Arab's claims for breach of this unenforceable agreement and for relief sought pursuant to the agreement must be dismissed.

> II. **Arab's unjust enrichment claim is similarly barred where Denarii provided Arab with payment for any benefit conferred by Arab.**

In Count II of his Counterclaim, Arab alternatively asserts that – based on a quasi-contractual theory – he is owed $10,000 as an additional monthly payment for his work as an employee of Denarii. Arab bases this compensation upon an agreement that was allegedly reached several months after he was hired by Denarii. Once more, this claim fails to allege what additional benefit was conferred by Arab that would entitle him to compensation beyond his

regular salary paid by Denarii. Without this requisite showing, Count II fails to state a claim upon which relief may be granted.

Under Florida law, the essential elements that must be shown in order to establish unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff; (2) the defendant's appreciation of the benefit; and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying its value. *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 (Fla. 2004). "Recovery under this theory may be appropriate where there is no enforceable express or implied in fact contract but where the defendant has received something of value or has otherwise benefitted from the service provided." *Sleit v. Ricoh Corp.*, 2008 WL 4826113, at *10 (M.D. Fla. Nov. 4, 2008) (citing *Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co, Inc.*, 695 So.2d 383, 386 (Fla. 4th DCA 1997)). However, as Florida law also demonstrates, equitable relief based on unjust enrichment is "<u>not available where the plaintiff has provided a defendant with no more than that which he was hired to do and for which he was paid his salary</u>." *Sleit*, 2008 WL 4826113, at *10 (emphasis added); *Gene B. Glick Co. v. Sunshine Ready Concrete Co.*, 651 So.2d 190 (Fla. 4th DCA 1995) (unjust enrichment "cannot exist where payment has been made for the benefit conferred"). As a result, a claim for unjust enrichment that is alleged despite payment being made for the benefit conferred is subject to dismissal under Florida law. *See, e.g., N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So.2d 672 (Fla. 3d DCA 2000) (affirming trial court's dismissal of unjust enrichment claim where plaintiff had accepted agreed-upon payment for the service provided, thus receiving "exactly what it bargained for").

In the present case, Arab does not dispute that he was paid his $180,000 agreed-upon annual salary by Denarii. Rather, Arab contends that he was owed an additional $10,000 in compensation by way of side payments made in addition to his salary. Again, Arab fails to allege what additional benefit was conferred upon Denarii that would entitle Arab to the additional compensation he demands. Like the plaintiff in *Sleit*, Arab therefore "cannot demonstrate a benefit he provided to Defendant for which he was not fairly compensated by way of salary and bonuses." 2008 WL 4826113, at *10 ("Given that Plaintiff was paid fully by way of salary and bonuses for the work he performed and the revenues he generated and the company has received no additional benefit of his labors in relation to these lost revenues, Count IV should be dismissed."). As a result, equitable relief is not available to Arab, and Count II of his Counterclaim must be dismissed for failure to state a claim upon which relief may be granted.

### III. Arab's Counterclaim is further subject to dismissal given its reliance upon a contract that violates public policy, and is therefore rendered void and unenforceable under Florida law.

In addition, Arab's counterclaim fails given its reliance on a purported agreement that – *even if* otherwise enforceable – would be void as a matter of public policy. As the Eleventh Circuit has held, parties to an agreement are generally free to contract "out of" or "around" state or federal law, provided they do not enter a contract that is void as a matter of public policy. *See King v. Allstate Ins. Co.*, 906 F.2d 1537, 1540 (11th Cir. 1990). "Contracts that are contrary to public policy are void because they have no legal sanction and establish no legal bond between the parties." *Neiman v. Provident Life & Accident Ins. Co.*, 217 F.Supp. 1281, 1286 (S.D. Fla. 2002). Accordingly, as Florida law makes clear, a contract that violates public policy is both void and unenforceable. *See Harris v. Gonzalez, M.D.*, 789 So.2d 405, 409 (Fla. 4th DCA 2001). To evaluate whether a contract violates public policy, courts are instructed to look to

established law in making this determination; primarily to statutes, and secondarily to other courts' decisions. *Castro v. Sangles*, 637 So.2d 989, 991 (Fla. 3d DCA 1994).

Without question, the law does not legitimize an individual's attempt to evade personal income tax by accepting under-the-table funds in an attempt to conceal one's true and correct income. *See, e.g.*, 26 U.S.C.A. § 7201 ("Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."). Nor does public policy favor Courts' protection of claimants who seek remedies where such misconduct has occurred. *See, e.g., Tradex Global Master Fund SPC Ltd. v. Palm Beach Capital Management, LLC*, 2010 WL 717686, at *6 (S.D. Fla. March 1, 2010) ("Thus, it can be argued that Plaintiffs who knowingly invested in a Cayman fund in order to avoid the reach of U.S. taxes now turn to an American court to seek remedy for the fund's alleged fraudulent behavior. Public policy does not favor such an outcome."); *Neiman*, supra, 717 F.Supp.2d at 1286 ("The rationale of the rule is that the judiciary as an institution will not provide aid to enforce an obligation that arises from an illegal contract.") (citing *Castro v. Sangles*, 637 So.2d 989, 991 (Fla. 3d DCA 1994).

In the present case, Arab purports to have entered into a side agreement for "employment compensation" that was not offered through his employer, but through unrelated entities. As Arab openly acknowledges, the quasi-contractual agreement he seeks to enforce contemplated cash payments for services Arab rendered to Denarii as its employee. These payments presumably do not comport with federal law regarding employee withholding, Social Security and Medicare taxes, or personal income tax. As a result, this Court cannot now be called upon to

enforce an obligation that arises from an illegal contract that is both void and unenforceable as a matter of federal law.  For these reasons, both Count I and Count II of Arab's Counterclaim fail to state a claim upon which relief may be granted, and in turn must be dismissed.

2. **EACH OF DEFENDANTS' EIGHT AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW, AND MUST THEREFORE BE STRICKEN OR TREATED AS SPECIFIC DENIALS**

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Rule 8(a).  *Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (citing *Merrill Lynch Bus. Fin. Serv. V. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005).  While Rule 8(a) requires "a short and plain statement" of the defense, the Supreme Court has "clarified the pleading specificity standard, explaining that '[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Castillo v. Roche Laboratories*, 2010 WL 3027726, at *1 (S.D. Fla. Aug. 2, 2010) (internal citations omitted).  As a majority of district courts in Florida have determined, the "heightened pleading standard" set forth in *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007), applies to affirmative defenses.  *Id*. at *2 ("Specifically, a majority of district courts in Florida have applied [*Twombly's*] heightened pleading standard to affirmative defenses.") (citing *Torres v. TPUSA, Inc.*, 2009 WL 764466 (M.D. Fla. Mar. 19, 2009)).  Thus, "in order to provide fair notice" to a plaintiff, the defendant's affirmative defenses must contain sufficient factual allegations to "raise a right to relief above the speculative level." Id. at *3.

## ARGUMENT

I. **Pursuant to the pleading standard set forth in *Twombly*, Defendants' First, Second, and Third Affirmative Defenses fail to provide fair notice to Plaintiff because they are insufficiently pled.**

*A. Defendants' First Affirmative Defense*

Defendant's First Affirmative Defense alleges in its entirety:

*The Complaint fails to state a claim upon which relief can be granted.*

*See* ¶ 71, Affirmative Defenses [D.E. 4] (italics added). As courts in the Southern District have held, this defense is insufficient as a matter of law, "as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint." *Castillo v. Roche Laboratories*, 2010 WL 3027726, at *4; *see also Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (striking affirmative defense which stated that complaint "fails in whole or in part to state a claim for relief upon which relief may be granted" as insufficient). As both the *Castillo* and *Merrill Lynch* courts determined when confronted with a virtually identical affirmative defense, such a defense must be stricken.

*B. Defendants' Second Affirmative Defense*

Similarly, Defendants' Second Affirmative Defense states:

*Denarii failed to make reasonable efforts to mitigate damages or injury.*

*See* ¶ 71, Affirmative Defenses (italics added). A defense of this nature has similarly been stricken on account of insufficiency by courts in the Southern District. In *Castillo*, the Defendant asserted an affirmative defense stating: "Plaintiff has failed to reasonably mitigate his damages and any relief should be reduced accordingly." 2010 WL 3027726, at *4. Judge Seitz in turn struck the defense, finding that:

> Defendant's Fourteenth Affirmative Defense is also insufficient because Defendant fails to plead any supporting facts or the elements of the defense that would give Plaintiff "fair notice" of the defense being asserted. As such, Defendant's Fourteenth Affirmative Defense must be stricken with leave to amend to provide the requisite factual particularity.

*Id*.; *see also Merill Lynch*, 2005 WL 975773, at *12 (striking affirmative defense as insufficient where defense stated that plaintiff "failed to use reasonable diligence to mitigate its damages, if any"). Because the present affirmative defense similarly fails to plead any supporting facts or the elements of a mitigation defense, Defendants' Second Affirmative Defense must also be stricken**.**

### C. Defendants' Third Affirmative Defense

Defendants' Third Affirmative Defense asserts:

> *Denarii's claims are barred by unclean hands and wrongful conduct.*

*See* ¶ 71, Affirmative Defenses (italics added). Once more, this affirmative defense fails to set forth any factual allegation that would suffice under even the liberal pleading standards of Rule 8(a). As a result, Defendants' Third Affirmative Defense must be stricken as insufficient. *See Merrill Lynch*, 2005 WL 975773, at *12 (striking defense which alleged that plaintiff "is barred from relief by the doctrine of unclean hands" and noting that the defense contained "a bare bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand.").

**II.     Defendants' Fourth and Fifth Affirmative Defenses are Negative Averments, and therefore not proper affirmative defenses.**

Defendants' Fourth and Fifth Affirmative Defenses respectively state:

> *Arab and Fuentes are not liable to the extent Denarii did not suffer economic loss.*

> *Denarii's claims are barred because Arab and Fuentes at all times acted with reasonable care and good faith.*

*See* ¶ 71, Affirmative Defenses (italics added).  As Florida law instructs, an affirmative defense "is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Florida Business Brokers Ass'n, Inc. v. Williams*, 2009 WL 3028311, at *1 (M.D. Fla. Sept. 17, 2009) (quoting *Wright v. Southland Corp*., 187 F.3d 1287, 1303 (11th Cir. 1999)).  However, a defense which merely negates some portion of the plaintiff's case, or otherwise denies plaintiff's allegations, is not an affirmative defense.  *Barnhart v. American Home Mortg. Servicing, Inc.*, 2012 WL366930, at *3 (M.D. Fla. Feb. 3, 2012).  Rather, this type of negative averment is treated as a specific denial, and is not included within the pleadings as an affirmative defense.  *Id*.

In the present case, Defendants' Fourth and Fifth Affirmative Defenses merely negate Denarii's claims by denying liability and denying the allegations of misconduct alleged in Denarii's Complaint.  Neither of these defenses, if established, would "require judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Thus, Defendants' Fourth and Fifth Affirmative Defenses should be properly classified as specific denials, rather than affirmative defenses.

### III. Defendants' Sixth Affirmative Defense is only relevant in the context of common law tort and negligence claims, rather than the statutory claims presently at issue.

Defendants' Sixth Affirmative Defense states:

*No action or inaction of Arab and/or Fuentes constituted the sole proximate, or joint proximate, cause of any of the injuries alleged by Denarii. Any damages allegedly suffered by Denarii were the result of superseding and intervening causes. [Isn't this a tort defense only?]*

*See* ¶ 71, Affirmative Defenses (italics added).  As Defendants have rightfully acknowledged – even if inadvertently – Florida law recognizes an affirmative defense based upon a superseding

or intervening cause in common law tort and negligence actions. In this way, an "intervening cause relieves a tortfeasor from liability only if it is completely independent of, and not in any way set in motion by, the tortfeasor's negligence." *Townsend v. Westside Dodge, Inc*., 642 So.2d 49, 50 (Fla. 1st DCA 1994). The Florida Supreme Court has also extended the defense to cases involving negligence, holding that, "If an intervening cause is foreseeable the original negligent actor may still be held liable." *Gibson v. Avis Rent-A-Car System, Inc*., 386 So.2d 520, 522-23 (Fla. 1980). However, this defense does not apply in cases involving statutory violations. Nor would such a defense require judgment for the judgment even if the plaintiff could prevail under the statute. Thus, Defendants' Sixth Affirmative Defense is not applicable in the current context, and does not act to insulate the Defendants from liability under the statutory claims presently pursued.

Furthermore, Defendants' Sixth Affirmative Defense is subject to dismissal given its failure to set forth what superseding and intervening causes Defendants are referring to. This failure renders the Sixth Affirmative Defense insufficient as a matter of law and subject to striking. *See, e.g., Bartram, LLC v. Landmark American Ins. Co.*, 2010 WL 4736830, at *3 (N.D. Fla. Nov. 16, 2010) (striking affirmative defense as insufficient while noting that "[w]ithout establishing what acts or omissions Defendant is alluding to, and what third parties Defendant is referring to, the affirmative defense fails to provide fair notice to Plaintiff as to the nature of the defense.") (citing *Grovenor House, LLC v. E.I. Du Pont De Nemours and Co*., 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010)).

- IV. **Defendants' Seventh Affirmative Defense is insufficient as a matter of law because comparative fault is only available in cases of negligence, and bears no relationship to the present claims.**

In their Seventh Affirmative Defense, Defendants state:

> *If Denarii has suffered any injury or loss, it is a result (in whole or in part) of its own conduct, and it must bear that proportion of the injury or loss caused by its own conduct. [see question above]*

*See* ¶ 71, Affirmative Defenses (italics added).  As Defendants once more recognize, the Seventh Affirmative Defense advances a theory of comparative fault, as available exclusively in the context of negligence actions.  *See Hennis v. City Tropics Bistro, Inc.*, 1 So.3d 1152, 1154-56 (Fla. 5th DCA 2009) (noting that the "plain language of section 768.81 of the Florida Statutes states that the apportionment provisions apply to '**negligence cases**'" and that the statute "does not apply to 'any action based upon an intentional tort.'") (emphasis added); *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) (construing Fla. Stat. § 768.81 to allow for apportionment of fault in **negligence cases**).

The claims presently advanced by Denarii include one count for violation of Florida's Uniform Trade Secrets Act (codified at Fla. Stat. § 688), one count for violation of the Computer Fraud and Abuse Act (codified at 18 U.S.C. §1030), one count for violation of the Stored Communications Act (codified at 18 U.S.C. §§2701 and 2707), and one count for injunctive relief.  None of these claims include allegations of negligence, but are instead based upon intentional and criminal wrongdoing.  Because statutory apportionment and a comparative fault defense are inapplicable to any of the causes of action asserted in Denarii's Complaint, Defendants' Sixth Affirmative Defense is insufficient as a matter of law, and must be stricken.

    **V.**    **Defendants' Eighth Affirmative Defense is properly stricken as a nullity and surplusage.**

Defendants' Eighth Affirmative Defense states:

> *Arab and Fuentes reserve the right to further supplement their affirmative defenses as additional evidence becomes available. [I don't think this is an affirmative defense]*

*See* ¶ 71, Affirmative Defenses (italics added). As Defendants' own bracketed comments betray, their Eighth and final Affirmative Defense is not a proper affirmative defense, and is therefore subject to striking as a result of its insufficiency. Faced with a similar claim in *Merrill Lynch v. Performance Machine Systems*, the Court stated:

> Finally, the Court also will strike the seventh affirmative defense, through which Defendants attempt to reserve the right to assert additional defenses in the future. This statement is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses. Such a motion will be considered on its own merits, without regard to Defendants' reservation of rights. They get no added benefit or consideration by having reserved a right to amend at a later date. The statement has no efficacy, and thus the Court grants Merrill Lynch's motion to strike the seventh affirmative defense.

2005 WL 975773 at *12. Similarly, Defendants' Eighth Affirmative Defense must be stricken as a "nullity," "surplusage," and improper defense.

## CONCLUSION

Defendant Omar Arab's claims for breach of an employment agreement and unjust enrichment are each premised upon an unenforceable agreement for which Arab alleges no adequate consideration rendered and no additional benefit conferred. As a result of these failures, Arab can seek neither a remedy at law, nor in equity. Indeed, any such remedy would further be barred on account of its clear contrariness to public policy considerations. As a result, both Counts I and II of Defendants' Counterclaim must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, Defendants' Affirmative Defenses, taken together, fail to meet requisite pleading standards under Rule 8(a), contain specific denials that are not proper affirmative defenses, and are inapplicable given the claims being litigated. As a result, Defendants' Affirmative Defenses must be properly classified and/or stricken pursuant to Federal Rule 12(f).

**ATTORNEY CERTIFICATION OF PRE-FILING CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), Undersigned Counsel hereby certifies that he conferred with Counsel for Defendants on December 28, 2012, regarding the relief sought in striking Defendants' affirmative defenses as both inapplicable and insufficient as a matter of law. Though each of the Parties acted in good faith in attempting to resolve the issues raised in the Motion, Counsel for Defendants did not agree to the relief sought by Plaintiff. Plaintiff has therefore pursued the instant Motion, seeking dismissal of Defendant Arab's Counterclaim, the striking and/or reclassification of Defendants' Affirmative Defenses, and all such other relief as the Court deems appropriate.

                                                Respectfully submitted,

                                                HALL, LAMB AND HALL, P.A.
                                                Attorneys for Plaintiff
                                                2665 South Bayshore Drive, PH1
                                                Miami, Florida 33133
                                                Tel: (305) 374-5030
                                                Fax: (305) 374-5033

                                                By: _ s:/ Adam S. Hall_____
                                                         ADAM S. HALL
                                                         FBN: 109983

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on December 28, 2012, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day via the Court's CM/ECF system on:

Quinn Smith
SMITH INTERNATIONAL
LEGAL CONSULTANTS, P.A.
175 SW 7th Street, Suite 2110
Miami, Florida 33130
Ph:  (305) 856-7723
Fax: (786) 220-8265
*Attorney for Defendants*

               By:  s:/ Adam S. Hall
                 ADAM S. HALL