UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-24239-CIV-O'SULLIVAN

[CONSENT]

DENARII SYSTEMS, LLC,

    Plaintiff/Counter-Defendant,

v.

OMAR ARAB and GREYNIER FUENTES,

    Defendants/Counter-Plaintiffs.

_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15, 12/28/12) and the defendants' Motion for Leave to File Amended Affirmative Defenses and Incorporated Memorandum of Law in Support Thereof (DE# 22, 1/14/13).[1] Having held a hearing on February 11, 2013 and for the reasons stated herein, it is

ORDERED AND ADJUDGED that the plaintiff's Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15, 12/28/12) is **GRANTED in part and DENIED in part** and the defendants' Motion for Leave to File Amended Affirmative Defenses and Incorporated Memorandum of Law in Support Thereof (DE# 22, 1/14/13) is **GRANTED in part**.

---

[1] In this Order, the Court will refer to the parties as "plaintiff" and "defendants" instead of using the "counter-plaintiff" and "counter-defendants" designations.

**BACKGROUND**

The plaintiff initiated this action in state court on October 30, 2012. See Complaint (DE# 1-2, 11/29/12). The complaint alleges causes of action for violation of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688 (Count I), violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count II), violation of the Stored Communications Act, 18 U.S.C. §§ 2701 & 2707 (Count III) and Injunctive Relief (Count IV). Id. The defendants removed the case to this Court on November 29, 2012. See Notice of Removal (DE# 1, 11/29/12). On December 6, 2012, the defendants filed their answer to the Complaint, asserted eight affirmative defenses and defendant Omar Arab alleged a two-count counterclaim against the plaintiff for Breach of Employment Agreement (Count I) and Unjust Enrichment (Count II). See Defendants' Answer, Affirmative Defenses, and Counterclaims (DE# 4, 12/6/12).

On December 28, 2012, the plaintiff filed the instant motion. See Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15, 12/28/12). On January 14, 2013, the defendants filed their response. See Response in opposition to Plaintiff's Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses and Memorandum of Law in Support Thereof (DE# 21, 1/14/13). The plaintiff filed its reply on January 24, 2013. See Plaintiff's Reply in Support of Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 23, 1/24/13).   The defendants have also sought leave to amend all eight of their affirmative defenses. See Motion for Leave to File Amended Affirmative Defenses and Incorporated Memorandum of Law in Support Thereof (DE# 22, 1/14/13). The plaintiff opposes the relief requested. See Plaintiff's Response in Opposition to Defendants' Motion for Leave File Amended Affirmative Defenses (DE# 24, 1/31/13). This

matter is ripe for consideration.

## STANDARDS OF REVIEW

**1.    Motion to Dismiss under 12(b)(6)**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. See Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. The issue to be decided is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468

U.S. 183 (1984).

**2.      Motion to Strike Affirmative Defenses**

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. See Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC., No. 09-61490-CIV, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (citation omitted). Affirmative defenses fall under the general pleading requirements of Rule 8 of the Federal Rule of Civil Procedure and should be stricken if they fail to recite more than bare-bones conclusory allegations. Id. at *2 (quoting Home Mgmt. Solutions, Inc. v. Prescient, Inc., No 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). They should also be stricken when they are insufficient as a matter of law. Id. at *2 (quoting Microsoft Corp. v. Jesse's Computers and Repairs, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. Id.

**3.      Motion for Leave to Amend a Pleading**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless a motion to amend a pleading is made in bad faith or for undue delay, constitutes dilatory conduct or will prejudice a non-movant, leave to amend should be given freely. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995).

## ANALYSIS

**1.     Motion to Dismiss the Counterclaims**

The plaintiff seeks to dismiss Counts I (Breach of Employment Agreement) and II (Unjust Enrichment) of the Counterclaim for failure to state a claim upon which relief may be granted under Rule 12(b)(6). For the reasons stated herein, the motion to dismiss the Counterclaim (DE# 4) is **GRANTED** and Counts I and II of the Counterclaim are hereby **DISMISSED without prejudice**. "Generally, where a more carefully drafted [pleading] might state a claim, [the party asserting the claim] must be given at least one chance to amend the [pleading] before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (internal quotation marks and alteration omitted)). Accordingly, the dismissal of Counts I and II is without prejudice.

**a.     Breach of Employment Agreement (Count I)**

Florida law governs the counterclaims asserted in the instant case. The elements of a breach of contract claim in Florida are: "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). To meet the first element, the existence of a valid contract, a claimant must show: "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009).

Here, Count I of the Counterclaim alleges that from October 2011 to September 2012, defendant Arab began receiving an additional payment of $10,000.00 per month, that the $10,000 payment was part of his employment compensation and that he did not receive

the $10,000 payment for the month of October 2012. See Counterclaim (DE# 4 at ¶¶77-79, 12/6/12). Count I further alleges that the plaintiff and/or its agents breached the employment agreement with defendant Arab "when it failed to provide Mr. Arab full compensation pursuant to the agreement and conduct of the parties." Id. at ¶86.

The plaintiff argues that Count I "fail[s] to allege the elements of a valid contract: namely, an offer, acceptance, consideration, and sufficient specification." Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15 at 5, 12/28/12) (citing St. Joe Corp. v. McIver, 875 So. 2d 374, 381 (Fla. 2004)). The plaintiff further argues that defendant Arab is unable to plead consideration due to "his preexisting duty to [the plaintiff] as an employee of [the plaintiff] . . . ." Id. The plaintiff notes that the counterclaim alleges that the additional $10,000 monthly payments began approximately two months after defendant Arab's August 15, 2011 employment start date. Id. Defendant Arab maintains that the plaintiff is improperly disputing the facts and that Count I of the counterclaim has been properly pled. See Response in opposition to Plaintiff's Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses and Memorandum of Law in Support Thereof (DE# 21, 1/14/13).

"Under Florida law, the performance of a preexisting duty does not constitute the consideration necessary to support a valid contract." Senter v. JPMorgan Chase Bank, N.A., 810 F. Supp. 2d 1339, 1346 (citing Brinson v. Herlong, 121 Fla. 505, 164 So. 137 (1935)). Here, the counterclaim does not allege what additional duties defendant Arab undertook as consideration for the $10,000 monthly payments. Additionally, there are no allegations relating to an offer, acceptance or the essential terms of the agreement. See Vega, 564 F.3d at 1272. Accordingly, the Court finds that defendant Arab has failed to assert a cause of action for breach of contract sufficient to meet the pleading requirements of Iqbal and

Twombly. Count I of the Counterclaim (DE# 4) is **DISMISSED without prejudice**.

### b.     Unjust Enrichment (Count II)

Defendant Arab also alleges a cause of action for unjust enrichment. In Florida, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[ ] to retain it without paying the value thereof." Virgilio v. Ryland Group, Inc., 680 F.3d 1329, 1337 (11th Cir. 2012) (citations omitted). Here, the unjust enrichment counterclaim alleges that "Mr. Arab conferred a benefit on [the plaintiff] in the form of his employment services, for which [the plaintiff] and/or its agents compensated Mr. Arab in part in the form of monthly payments of $10,000." Counterclaim (DE# 4 at ¶90, 12/6/12).

The plaintiff argues that the unjust enrichment counterclaim is legally barred because the plaintiff compensated defendant Arab for the work performed. See Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15 at 6, 12/28/12). Specifically, the plaintiff notes that "this claim fails to allege what additional benefit was conferred by Arab that would entitle him to compensation beyond his regular salary paid by [the plaintiff]." Id. at 6-7. The plaintiff cites to Sleit v. Ricoh Corp., No. 8:07-cv-724-T-23TBM, 2008 WL 4826113, at *10 (M.D. Fla. Nov. 4, 2008), which states that "[unjust enrichment] is not available where the plaintiff has provided a defendant with no more than that which he was hired to do and for which he was paid his salary."

In Uphoff v. Wachovia Securities, LLC, this Court dismissed a claim for unjust enrichment against an employer where:

> the Complaint allege[d] that Plaintiff and the class members were hired to
> provide services as financial advisors and brokers to [the defendant]'s clients.

7

> **Noticeably absent from the Complaint [wa]s any allegation that the Plaintiff or the class members were not paid for these services. Nor [we]re there any allegations that Plaintiff or the class members provided any additional service for which they were not paid.** Thus, Plaintiff's unjust enrichment claim fails.

Uphoff v. Wachovia Securities, LLC, No. 09-80420-CIV, 2009 WL 5031345, *6 (S.D. Fla. Dec. 15, 2009) (emphasis added) (internal citations to the record omitted). Similarly here, Count II of the Counterclaim (DE# 4) fails to allege what additional benefit(s) defendant Arab conferred upon the plaintiff outside of his duties as a salaried employee. For this reason, Count II of the Counterclaim is also **DISMISSED without prejudice**.

### c. Public Policy Argument

The plaintiff further argues that the agreement alleged in the Counterclaim (DE# 4) violates Florida public policy. See Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15 at 8, 12/28/12). Specifically, the plaintiff argues that the cash payments to defendant Arab violate federal tax laws. See Plaintiff's Reply in Support of Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 23 at 6, 1/24/13). Although the Court has already determined that the counterclaims should be dismissed, it will address the plaintiff's public policy argument because it affects whether defendant Arab should be permitted to amend his counterclaims. A contract which violates public policy is unenforceable and any amendment to a claim arising from an unenforceable contract would be futile. See Vacation Beach, Inc. v. Charles Boyd Const., Inc., 906 So. 2d 374, 377 (Fla. 5th DCA 2005) (stating that "[c]ontracts transgressing public policy . . . are considered to be illegal and will not generally be enforced by the courts.").

The plaintiff's public policy argument assumes facts that are not alleged in the

Counterclaim (DE# 4). Namely, there are no allegations that this agreement was crafted as a way to avoid tax liability or that defendant Arab under reports his income to the Internal Revenue Service. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000) (stating that a Court's analysis on a Rule 12(b)(6) motion to dismiss is generally limited to the four corners of the complaint). For this reason, the undersigned is unpersuaded by the plaintiff's argument and will not grant the plaintiff's motion to dismiss the counterclaim with prejudice on the ground that the alleged employment agreement violates public policy.

**2.      Motion to Strike Affirmative Defenses (DE# 15) and Motion for Leave to Amend Affirmative Defenses (DE# 22)**

The plaintiff moves to strike all eight of the defendants' affirmative defenses as legally insufficient. See Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15, 12/28/12). The defendants have sought leave to amend their affirmative defenses. See Motion for Leave to File Amended Affirmative Defenses and Incorporated Memorandum of Law in Support Thereof (DE# 22, 1/14/13). The plaintiff opposes the defendants' motion for leave to amend on the ground that the proposed amendments would be futile. See Plaintiff's Response in Opposition to Defendants' Motion for Leave File Amended Affirmative Defenses (DE# 24 at 1, 1/31/13).

Under the applicable rule, leave to amend should be freely given. See Fed. R. Civ. P. 15(a)(2); see also Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (per curiam). "A district court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, No. 10-15381, 2012 WL 5359235, at *4 (11th Cir. Nov. 1, 2012). With respect to futility of amendment, the case law states that "[i]f . . . it is so clearly established

that the [pleader] cannot, with leave to amend, cure the legal defects, leave to amend would be futile . . . ." In re Wiand, Nos. 8:05-cv-1856-T-27MSS, et al., 2007 WL 963162, at *15 (M.D. Fla. Jan. 12, 2007) (citing Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239-40 (11th Cir. 2000)). The Court will address each of the defendants' affirmative defenses below.

### a. First Affirmative Defense

The first proposed amended affirmative defense states, in its entirety:

> Denarii fails to state a claim upon which relief may be granted because no link exists between Arab and Fuentes and the harm alleged. Denarii fails to identify or has no facts to directly identify Arab or Fuentes as the "intruders" responsible for the alleged improper access to its system. Without such facts, Denarii's claims must fail.

Defendants' [Proposed] Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 7, 1/14/13). The plaintiff argues that the defendants' first affirmative defense is insufficient because it merely recites the standard of review for dismissal under Rule 12(b)(6). See Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Amended Affirmative Defenses (DE# 24 at 5, 1/31/13). The undersigned notes that the defendants' proposed amendment to the first affirmative defense alleges more than the standard of review for dismissal under Rule 12(b)(6).

An affirmative defense admits the facts of the complaint and asserts additional facts in justification or avoidance of a claim. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (citation omitted). Thus, the first affirmative defense, as amended, is not a true affirmative defense. "A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense. Nonetheless, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011)

(internal citations, quotation marks and alternations omitted). Accordingly, the undersigned will deny the motion to strike the first affirmative defense and will treat it as a specific denial.

### b.   Second and Third Affirmative Defenses

The plaintiff does not raise any arguments with regard to the defendants' proposed amendments to the second and third affirmative defenses. Accordingly, the Court will not strike those proposed affirmative defenses and the defendants are permitted to amend the second and third affirmative defenses consistent with their motion for leave.

### c.   Fourth and Fifth Affirmative Defenses

The fourth and fifth proposed affirmative defenses allege the following:

FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, Arab and Fuentes have not through their conduct caused Denarii to suffer any economic or non-economic damages. Arab and Fuentes upheld their duties as employees and even provided the passwords upon request.

FIFTH AFFIRMATIVE DEFENSE

Denarii's claims fail because Arab and Fuentes at all times during their employment with Denarii acted within the scope of their employment and exercised reasonable care to protect Denarii and its systems from misconduct and unwanted intrusion.

Defendants' [Proposed] Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 7, 1/14/13).

The plaintiff maintains that the defendants' proposed amendments to these affirmative defenses are mere denials of the plaintiff's allegations as contained in the Complaint. See Plaintiff's Reply in Support of Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 23 at 7, 1/24/13); Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Amended

Affirmative Defenses (DE# 24 at 6-7, 1/31/13). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). The undersigned finds that the defendants' proposed amendments to the fourth and fifth affirmative defenses are mere denials rather than true affirmative defenses. Nonetheless and for the reasons stated above the undersigned will treat the fourth and fifth proposed affirmative defenses as specific denials, will permit their amendment and will deny the motion to strike these affirmative defenses.

### d.     Sixth Affirmative Defense

The sixth affirmative defense alleges the following:

SIXTH AFFIRMATIVE DEFENSE

> No action or inaction of Arab and/or Fuentes constituted the sole proximate, or joint proximate, cause of any of the injuries alleged by Denarii. Any damages allegedly suffered by Denarii were the result of superseding and intervening causes. To the extent Denarii suffered any damages, one or more individuals accessed its system or misappropriated its trade secrets, not the defendants. As such, a superseding and intervening cause forms the basis for the Complaint.

Defendants' [Proposed] Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 7-8, 1/14/13).

The plaintiff argues that the sixth affirmative defense is only available in negligence cases and is inapplicable to the statutory causes of action raised in the Complaint. See Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Amended Affirmative Defenses (DE# 24 at 3-4, 1/31/13) (stating that "[the d]efendants continue to assert defenses that are only relevant within the context of common law tort and negligence claims, as opposed to the statutory claims presently being asserted."). The undersigned is unpersuaded by the plaintiff's argument. One of the causes of action alleged in the

Complaint is a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count II) ("CFAA"). See Complaint (DE# 1-2, 11/29/12). In CFAA cases, some courts have observed that at least with respect to costs incurred, "a CFAA plaintiff must . . . show . . . that the costs are 'reasonable' and that they were 'caused' by a CFAA violation." Global Policy Partners, LLC v. Yessin, 686 F. Supp. 2d 642, 647 (E.D. Va. 2010). The court in Global Policy Partners, further noted that "the Supreme Court has construed federal statutes containing similar requirements [to the CFAA] to incorporate traditional principles of tort causation . . . ." Id. Thus, the undersigned cannot agree with the plaintiff's position that causation is inapplicable to the statutory causes of action asserted in this action.

The plaintiff also asserts a cause of action under the Florida's Uniform Trade Secrets Act, Fla. Stat. § 688 (Count I) ("FUTSA") "To show misappropriation of a trade secret under Florida law, a claimant must prove: (1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated." Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1338 (M.D.Fla.2003) (citing Del Monte Fresh Produce Co. v. Dole Foods Co., 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001). Applying the sixth affirmative defense to the FUTSA claim, the defendants are essentially stating that the plaintiff's trade secrets were misappropriated by third parties and not the defendants. This is not a true affirmative defense because it takes issue with a fact asserted in the Complaint, thus, the Court will treat the sixth affirmative defense as a specific denial.

The plaintiff further argues that the defendants' proposed sixth affirmative defense should also be stricken because the defendants fail to articulate what superseding and intervening causes the defendants are referring to. Id. at 4-5. The sixth affirmative defense identifies as an intervening and/or superseding cause that "one or more individuals

13

accessed [the plaintiff's] systems or misappropriated its trade secrets, not the defendants." See Defendants' Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 7-8, 1/14/13). Accordingly, the undersigned will treat the sixth affirmative defense as a specific denial and permit the proposed amendment.

### e. Seventh Affirmative Defense

The plaintiff argues that the seventh proposed affirmative defense is improper because it "assert[s] defenses that are only relevant within the context of common law tort and negligence claims, as opposed to the statutory claims presently being asserted." See Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Amended Affirmative Defenses (DE# 24 at 4, 1/31/13). The proposed amended seventh affirmative defense states:

SEVENTH AFFIRMATIVE DEFENSE

> If Denarii has suffered any loss, it is a result, in whole or in part, of its own conduct and failure to properly monitor and safeguard its systems. Denarii was in sole charge of maintaining and operating its own system. As a matter of fact, the defendants delivered all of the relevant passwords before leaving their employment with Denarii. From that point forward, Denarii had complete and total responsibility for the system, and any damage it suffered resulted from its own conduct and failure to properly monitor and safeguard its own possessions.

Defendants' [Proposed] Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 7-8, 1/14/13). The undersigned will treat the seventh affirmative defense as a specific denial and permit the proposed amendment.

### f. Eighth Affirmative Defense

The plaintiff argues that the defendants' proposed eighth affirmative defense is futile because it is an attempt to reserve rights rather than an affirmative defense. See Plaintiff's Response in Opposition to Defendants' Motion for Leave to File Amended Affirmative

Defenses (DE# 24 at 6, 1/31/13). The proposed amendment to the eight affirmative defense states:

### EIGHTH AFFIRMATIVE DEFENSE

> Arab and Fuentes reserve the right to further supplement their affirmative defenses as additional evidence becomes available. Because the defendants have little to no information in their possession, custody, or control, they must rely on the good faith production of Denarii. Moreover, Denarii has grounded its allegations in a borderline conspiracy theory --weeks after delivering the passwords, Arab and Fuentes somehow managed to indirectly orchestrate an intrusion into Denarii's system, resulting in access and retention of company information. As a result, Arab and Fuentes must reserve the right to add affirmative defenses based on the documents found in discovery.

Defendants' [Proposed] Amended Answer, Affirmative Defenses, and Counterclaims (DE# 22-1 at 8, 1/14/13).

With regard to affirmative defenses through which defendants attempt to reserve the right to assert additional defenses in the future, this Court has stated that:

> This statement is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses. Such a motion will be considered on its own merits, without regard to Defendants' reservation of rights. They get no added benefit or consideration by having reserved a right to amend at a later date.

<u>Merrill Lynch Business Financial Serv., Inc. v. Performance Machines Sys. U.S.A., Inc.</u>, No. 04-60861-CIV, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005). Similarly here, the defendants' proposed eighth affirmative defense is an improper attempt to reserve the right to present additional defenses in the future. The Federal Rules of Civil Procedure require that leave to amend be sought from the Court. Accordingly, the defendants' eighth affirmative defense is a nullity and is hereby **STRICKEN**.

### CONCLUSION

Based on the foregoing, the plaintiff's Motion to Dismiss Defendant Omar Arab's Counterclaim and to Strike Defendants' Affirmative Defenses (DE# 15, 12/28/12) is **GRANTED in part and DENIED in part** and the defendants' Motion for Leave to File Amended Affirmative Defenses and Incorporated Memorandum of Law in Support Thereof

(DE# 22, 1/14/13) is **GRANTED in part** consistent with this Order. The defendants are permitted to amend the first through seventh affirmative defenses in accordance with this Order no later than **Monday, February 25, 2013**. The eighth affirmative defense is **STRICKEN with prejudice**.

DONE AND ORDERED in Chambers at Miami, Florida this **11th** day of February, 2013.

                                            JOHN J. O'SULLIVAN
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record