UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-24239-CIV-O'SULLIVAN
[CONSENT]

DENARII SYSTEMS, LLC,
    Plaintiff,

v.

OMAR ARAB, GREYNIER FUENTES
FRANK ALVAREZ and BLIT
TECHNOLOGIES CORPORATION,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Dismiss Defendants Omar Arab and Greynier Fuentes' Amended Counterclaim (DE# 87, 8/30/13). For the reasons stated herein the Motion to Dismiss Defendants Omar Arab and Greynier Fuentes' Amended Counterclaim (DE# 87, 8/30/13) is **GRANTED in part and DENIED in part**. Counts II (Florida Whistleblower Act) and IV (unjust enrichment) of the Amended Counterclaim are **DISMISSED without prejudice** for the reasons stated herein.

## BACKGROUND

On August 30, 2013, the plaintiff filed the instant motion. See Motion to Dismiss Defendants Omar Arab and Greynier Fuentes' Amended Counterclaim (DE# 87, 8/30/13). On September 16, 2013, defendants Omar Arab and Greynier Fuentes filed their response. See Response of Arab and Fuentes in Opposition to Denarii's Motion to Dismiss Amended Counterclaims (DE# 90, 9/16/13). The plaintiff filed its reply on September 26, 2013. See Plaintiff's Reply in Support of Motion to Dismiss Defendants Omar Arab and Greyner Fuentes' Amended Counterclaim (DE# 93, 9/26/13). This matter is ripe for consideration.

**STANDARD OF REVIEW**

The plaintiff moves to dismiss all four counts of the Amended Counterclaim (DE# 84, 8/16/13) for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-plead facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

## ANALYSIS

In their Amended Counterclaim (DE# 84, 8/16/13), defendants Omar Arab and Greynier Fuentes (collectively "defendants") allege the following causes of action against the plaintiff: (1) violation of the Florida Wiretap Act (Count I); (2) violation of the Florida Whistleblower Act (Count II); (3) breach of employment agreement (Count III) and (4) unjust enrichment (Count IV). See Amended Counterclaim (DE# 84, 8/16/13). The plaintiff seeks to dismiss all four counts for failure to state a claim under Rule 12(b)(6).

**1.      Violation of The Florida Wiretap Act (Count I)**

The Amended Counterclaim (DE# 84, 8/16/13) alleges that in or around October 2012, an employee of the plaintiff, Franco Ceruti, began secretly recording private meetings with defendants and shared these recordings with the plaintiff's upper management. See Amended Counterclaim (DE# 84 at ¶¶ 158-61, 8/16/13). The amended counterclaim further alleges that defendants "Arab and Fuentes had a reasonable expectation of privacy based on the content and manner of the meetings." Id. at ¶177. Specifically, "the attendees spoke primarily about subject matter outside the scope of employment at Denarii" and "the parties spoke in a hushed manner, whispering so that other Denarii personnel would not hear the contents of the private meeting" which took place behind the closed door of defendant Arab's office. Id. at ¶¶ 179-180.

The Florida Wiretap Act states, in part, that: "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-

934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications . . . ." Fla. Stat. § 934.10(1). The elements of a cause of action under the Florida Wiretap Act are: (1) the person whose communication was intercepted must be a Florida resident, or the interception must have occurred in Florida; (2) the person whose communication was intercepted had a subjective expectation of privacy in the intercepted communication and (3) society must recognize the expectation of privacy as reasonable. See Cohen Bros., LLC v. ME Corp., S.A., 872 So. 2d 321, 324 (Fla. 3d DCA 2004) (per curiam) (citing State v. Smith, 641 So. 2d 849, 852 (Fla. 1994)).

The plaintiff maintains that the defendants failed to state a claim under the Florida Wiretap Act because the communications at issue were intercepted at the plaintiff's place of business and as such, the defendants did not have a reasonable expectation of privacy. (DE # 87 at 4, 8/30/13).[1] The plaintiff relies on Cohen Bros., LLC, where the appellate court found no reasonable "expectation of privacy . . . in a conference call, specifically where the call [wa]s held to conduct the business of the company." Cohen Bros., LLC, 872 So. 2d at 325. The defendants counter that "[t]he existence of an expectation of privacy is [a] fact sensitive inquiry based on many factors." (DE # 90 at 3, 9/16/13).

---

[1] In their reply, the plaintiff also notes that there were other Denarii employees present during these meetings. (DE# 93 at 3). Paragraph 174 of the amended counterclaim alleges that Frank Alvarez and Carlos Alonso also attended these meetings. There are no facts about these individuals in the amended counterclaim that would suggest that their presence would negate the defendants' reasonable expectation of privacy.

"The Florida Supreme Court has interpreted the test set forth in the definition of 'oral communication' [in the Florida Wiretap Act] as substantially the same test used in a Fourth Amendment right to privacy analysis." Brevard Extraditions, Inc. v. Fleetmatics, USA, LLC, No. 8:12-CV-2079-T-17MAP, 2013 WL 5437117 at *4 (M.D. Fla. Sep. 27, 2013) (quoting Brugmann v. State, 117 So. 3d 39, 49 (Fla. 3d DCA 2013)). Some of the factors that a court should consider in determining whether a reasonable expectation of privacy exists are:

> (1) the location where the communication took place; (2) the manner in which the communication was made; (3) the nature of the communication; (4) the intent of the speaker asserting Chapter 934 protection at the time the communication was made; (5) the purpose of the communication; (6) the conduct of the speaker; (7) the number of people present; and (8) the contents of the communication.

Brevard Extraditions, Inc., 2013 WL 5437117 at *4 (citation omitted). In Brevard, the court noted that a "[f]act-intensive determination is appropriate at the summary judgment stage, rather than on a Motion to Dismiss." Id. at *5.

The location of the communication is one of eight factors, see supra, and the courts have not recognized a bright-line rule negating a reasonable expectation of privacy in an office. Of note, in analyzing the reasonable expectation of privacy issue, one Florida appellate court took into account the intent of the speaker and not just the fact that the conversation took place in an office:

> Society is willing to recognize a reasonable expectation of privacy in conversations conducted in a private home. However, this recognition does not *necessarily* extend to conversations conducted in a business office. The reasonable expectation of privacy fails where, as here, the intent of the speaker does *not* justify such an expectation.

See Jatar v.Lamaletto, 758 So. 2d 1167, 1169 (Fla. 3d DCA 2000) (emphasis in

5

original). The case cited by the plaintiff, Cohen, is factually distinguishable from the instant case because there the purpose of the call was to "conduct the business of the company." Cohen Bros., LLC, 872 So. 2d at 325. Here, paragraph 178 of the amended counterclaim specifically alleges that "Ceruti testified that the attendees spoke primarily about subject matter outside the scope of employment at Denarii." See Amended Counterclaim (DE# 84 at ¶ 178, 8/16/13).

In the instant case, the defendants have pled facts detailing the steps that the defendants took to keep their conversations with Mr. Ceruti private suggesting that the defendants' intent was to keep these conversation secret. Moreover, the participants generally spoke about subject matter outside the scope of their employment with the plaintiff. The mere fact that these conversations took place in Mr. Arab's office is insufficient for the undersigned to conclude that the defendants had no reasonable expectation of privacy. The defendants have plead a cause of action under the Florida Wiretap Act. Accordingly the plaintiff's motion to dismiss Count I of the Amended Counterclaim is **DENIED**.

### 2. Violation of Florida Whistleblower Act (Count II)

The amended counterclaim alleges that the plaintiff terminated defendant Arab's employment in retaliation of Mr. Arab's "object[ions] to [ ] [plaintiff's] illegal activities in Ecuador." Amended Counterclaim (DE # 84, at ¶199, 8/16/13). The elements of a cause of action under the Florida Whistleblower Act (hereinafter "FWA") are: (1) the claimant objected to or refused to participate in the unlawful activity; (2) the claimant suffered an adverse employment action and (3) a causal relationship exists between

the objection and the employment action. See Gleason v. Roche Labs., Inc., 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010). The plaintiff maintains that defendant Arab failed to state a claim under the FWA because he "[f]ail[ed] to identify any specific enacted law, rule, or regulation allegedly violated by Denarii." (DE # 87 at 5, 8/30/2013). In support of this argument, the plaintiff cites to Pinto v. Microsoft Corp., No. 12-60509 CIV, 2012 WL 4479059 (S.D. Fla. Sept. 28, 2012). In that case, this Court stated that:

> [T]he Court must determine whether Plaintiff is required to specifically cite law, rules or regulations that ha[ve] been violated in her Complaint to state a claim under the WPA. Upon review of the Complaint and the relevant statutory language, the Court agrees with Defendant, that as currently plead, Plaintiff fails to state a claim.
>
> In order to state a WPA claim, the Plaintiff must refer to specific laws, rules or regulations which Defendant violated.

Id. at *2. The defendant counters that "[t]he statute does not state that a claimant must articulate a specific law, rule, or regulation violated when drafting a claim for retaliation under the FWA, else the claim will be subject to dismissal." (DE # 90 at 7, 9/16/13).

The defendant's reliance on the text of the statute to the exclusion of case law that interprets the statute is unwarranted. The cases clearly require a claimant to specify exactly which rule, law or ordinance was being violated. "For an FWA claim, under the current law of this circuit (as both the district and appellate courts in this case have stated), a plaintiff is required to identify an actual violation of a law, rule, or regulation . . . Unless and until a court of competent jurisdiction decides otherwise, in this circuit the correct standard to apply to a FWA claim is the actual violation standard." Smith v. Psychiatric Solutions, Inc., 864 F. Supp. 2d 1241, 1258 (N.D. Fla. 2012). Here, the defendants' claim that the plaintiff is being investigated in Ecuador, without

identifying the law that was allegedly violated, is insufficient to sustain an FWA action. Therefore, the plaintiff's motion to dismiss Count II is **GRANTED**.

### 3.     Breach of Employment Agreement (Count III)

The Amended Counterclaim (DE # 84, 8/16/13) alleges that the plaintiff breached its employment agreement with defendant Arab. Specifically, defendant Arab alleges that "[t]he negotiated compensation package that Denarii offered Arab, and that Arab accepted, included a fixed salary paid through the Denarii payroll system and a $10,000 monthly payment in cash, check, or via wire transfer." (DE # 84 at ¶203, 8/16/13). Defendant Arab further alleges that his "entire monthly compensation for all of his work activities involved payments through these two methods." Id. at ¶154. According to defendant Arab, "Denarii and/or its agents . . . breached its employment agreement with Arab when it failed to provide Arab full compensation pursuant to the agreement and conduct of the parties." Id. at ¶210.

The elements of a cause of action for a breach of contract in Florida are: "(1) a valid contract; (2) a material breach and (3) damages." Kaloe Shipping Co. v. Goltens Serv. Co., 315 Fed. App'x 877, 880 (11th Cir. 2009). In Florida, "oral contracts [ ] are valid and enforceable," but are "subject to the basic requirements of contract law such as [an] offer, acceptance, consideration and sufficient specification of essential terms." St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004).

The plaintiff maintains that defendant Arab failed to allege the existence of adequate consideration. In a prior order, this Court noted that defendant Arab's counterclaim "[did] not allege what additional duties defendant Arab undertook as

8

consideration for the $10,000.00 monthly payments." Order (DE # 28 at 6, 2/11/13). The undersigned gave defendant Arab an opportunity to amend his counterclaim to include with specificity, the duties he undertook as consideration for the additional payments.

In the amended counterclaim, defendant Arab alleges that the plaintiff "[a]greed that in return for Arab's work as an employee, Denarii would compensate Arab an annual salary plus an additional $10,000.00 per month." (DE # 84 at ¶205, 8/16/13). The plaintiff counters that the $10,000.00 payments were kept separate from defendant Arab's fixed salary, and only began months after his employment commenced. (DE# 87 at 8). The plaintiff points out that the amended counterclaim alleges that defendant Arab began his employment with the plaintiff on August 15, 2011 and that:

> From October, 2011, through September, 2012, Arab received $10,000 per month as directed by Cadena, the majority shareholder of Denarii. At first, these payments took the form of cash. Arab also received these payments from a company account, and later from a Chase bank account in the name of Enrique Cadena.

Amended Counterclaim (DE# 84 at ¶¶152, 203). The plaintiff notes that "[n]owhere in his pleading or Response does Arab address why – if the parties had entered into a valid, enforceable agreement for the additional $10,000 payments – these payments were not made for multiple months after his employment commenced in August, 2011." (DE# 93 at 10, 9/26/13).

Defendant Arab alleges that the $10,000.00 payments were part of his original compensation package at the outset of his employment with Denarii. See Amended Counterclaim (DE # 84 at ¶153, 8/16/13) (alleging that "[t]he terms of Arab's employment **from the outset** were such that he received a portion of his monthly pay

9

through the Denarii payroll system while he received another portion, $10,000.00 per month, in the form of cash, check, or via wire transfer.") (emphasis added). Therefore, defendant Arab has stated a cause of action for breach of employment agreement. Any questions raised about the gap in defendant Arab's $10,000 monthly payments should be resolved through the discovery process. The plaintiff's motion to dismiss as to Count III is **DENIED**.

4.     **Unjust Enrichment (Count IV)**

The Amended Counterclaim (DE # 84, 8/16/13) alleges that defendant "Arab conferred a benefit on Denarii in the form of his employment services, for which Denarii and/or its agents compensated Arab in part in the form of monthly payments of $10,000" and that "[u]nder these circumstances, it would be inequitable for Denarii and/or its agents to retain these benefits without paying the reasonable value for those benefits." Amended Counterclaim (DE # 84 at ¶¶ 215, 217, 8/16/13).

Under Florida law, the elements of a cause of action for unjust enrichment: (1) a benefit conferred on the defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying its value. See Fla. Power Corp. v. City of Winter Park, 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (internal citations omitted).

The plaintiff argues that defendant Arab's unjust enrichment claim should be dismissed because he: (1) fails to allege what additional benefit he conferred on the plaintiff beyond his salary that would entitle him compensation; (2) fails to include a time

during which he did not receive his full salary and (3) has a remedy at law for breach of contract. (DE # 87 at 9-11, 8/30/13). Paragraphs 153 and 154 of the amended counterclaim allege that Arab received a portion of his salary through payroll and another portion of his salary in the form of $10,000.00 monthly payments. See Counterclaim (DE # 84 at ¶¶ 153-54, 8/16/13). Paragraph 167 alleges that in October 2012, defendant Arab was fired without receiving the $10,000.00 cash portion of his salary. Thus, defendant Arab has alleged that he conferred a benefit to the plaintiff for which he was not fully compensated. With respect to the plaintiff's claim that Arab failed to include a time for which he did not receive his full salary, paragraph 164 alleges the time of October 2012.

      The plaintiff further argues that if the $10,000.00 compensation was part of defendant Arab's original contract, then his "remedy would lie in breach of contract, and not under a theory of unjust enrichment." (DE # 87 at 11). In other words, the plaintiff is arguing that defendant Arab cannot maintain both the breach of contract and the unjust enrichment claims. The undersigned disagrees. Rule 8 of the Federal Rules of Civil Procedure, allows a party to plead in the alternative. See Fed. R. Civ. P. 8 (providing that "[r]elief in the alternative or several different types may be demanded."). "[I]t is well settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative." Donnelly v. Circuit City Stores, Inc., No. 5:06-cv-387-Oc-10GRJ, 2007 WL 896337, at *3 (M.D. Fla. Mar. 22, 2007) (citing Shibata v. Lim, 133 F. Supp. 2d 1311, 1316-17 (M.D. Fla. 2000)). A claim for unjust enrichment can be pled where, as here, one of the parties disputes the existence of a valid contract. See In re Managed Care Litigation, 185 F. Supp. 2d 1310, 1337-38 (S.D. Fla. 2002) (stating that "an unjust

11

enrichment claim can only be pled in the alternative if one or more of the parties contest the existence of an express contract governing the subject of the dispute").

Finally, the plaintiff argues that "[a]t a minimum, if Arab wishes to proceed under both [breach of contract and unjust enrichment] theories, he would be required to allege that no adequate remedy at law exists within his unjust enrichment claim." (DE # 87 at 12, 8/30/13). The undersigned agrees. Defendant Arab's unjust enrichment count is defective because he fails to allege that he has no adequate remedy at law. "It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." American Honda Motor Co., Inc. v. motorcycle Info. Network Inc., 390 F. Supp.2d 1170, 1178 (M.D. Fla. 2005). Here, defendant Arab fails to allege that he has an adequate remedy at law. Accordingly, the plaintiff's motion to dismiss Count IV is **GRANTED**.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Dismiss Defendants Omar Arab and Greynier Fuentes' Amended Counterclaim (DE# 87, 8/30/13) is **GRANTED in part and DENIED in part**. Counts II (Florida Whistleblower Act) and IV (unjust enrichment) of the amended counterclaim are hereby **DISMISSED without prejudice**. It is further

ORDERED AND ADJUDGED that to the extent the defendants wish to re-plead a cause of action under the Florida Whistleblower Act or for unjust enrichment, the defendants shall file a second amended counterclaim no later than **Monday,**

**December 9, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida this **25th** day of November, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record