UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-24239-CIV-O'SULLIVAN
[CONSENT]

DENARII SYSTEMS LLC,

    Plaintiff,

v.

OMAR ARAB, GREYNIER FUENTES,
FRANK ALVAREZ, individuals, and
BLIT TECHNOLOGIES CORP., a Florida Corporation,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Summary Judgment (DE #124, 2/10/14) and the Plaintiff/Counterdefendant's Motion for Summary Judgment (DE #125, 2/10/14). Having reviewed the applicable filings and the law and having held a hearing on June 27, 2014, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment (DE #124, 2/10/14) is **DENIED** for the reasons stated on the record at the hearing. The plaintiff seeks summary judgment on the following claims: civil conspiracy, violation of the Florida Uniform Trade Secrets Act, violation of the Computer Fraud and Abuse Act, violation of the Stored Communications Act and two counts of fraud. There are genuine issues of material fact as to each of these claims that preclude summary judgment. It is further

ORDERED AND ADJUDGED that the Plaintiff/Counterdefendant's Motion for Summary Judgment (DE #125, 2/10/14) is **GRANTED in part and DENIED in part**. Summary judgment is hereby entered in favor of the plaintiff and against defendants Omar Arab (hereinafter "Arab") and Greynier Fuentes (hereinafter "Fuentes") on the Florida Wiretap Act claim and against defendant Arab on the Florida Whistleblower Act claim. The plaintiff also seeks summary judgment on the breach of employment contract

and unjust enrichment claims. There are genuine issues of material fact as to those two claims that preclude summary judgment

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to summary judgment as a matter of law." The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).

In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare

assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-23. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

### I. Violation of the Florida Wiretap Act

The Florida Wiretap Act, Fla. Stat. § 934.03, protects those oral communications "uttered by a person exhibiting an expectation of privacy under circumstances justifying such an expectation." State v. Inciarrano, 473 So.2d 1272, 1275 (Fla. 1985). Florida courts have established a two-part test for determining whether an expectation of privacy is reasonable. First, the speaker must have a subjective expectation of privacy. Id. Second, the expectation of privacy must be one which society is prepared to recognize as reasonable. Id.

The defendants,[1] Arab and Fuentes, allege that the plaintiff violated the Florida Wiretap Act when Franco Ceruti, a software architect, secretly recorded meetings held in or around October 2012. The plaintiff moved for summary judgment on this claim because Mr. Ceruti is an independent contractor and not an employee of the plaintiff. See Nazworth v. Swire Fla., 486 So.2d 637, 638 (Fla. 1st DCA 1986) ("The general rule . . . is that an owner, employer, or contractee will not be held liable for the torts of an

---

[1] For purposes of the Florida Wiretap Act claim, the term "defendants" refers only to Arab and Fuentes.

3

independent contractor . . . in the performance of the contracted work.").[2]

Assuming, arguendo, that the defendants can show they had a reasonable expectation of privacy, Mr. Ceruti is an independent contractor as a matter of law and the plaintiff is not liable for his actions. The defendants maintain that Mr. Ceruti "was technically an independent contractor" because he "had Denarii employees reporting to him," was "part of the organizational chart" and "[his] peers at Denarii treated him as if he were an employee." Response of Defendants Arab and Fuentes to Plaintiff's Statement of Material Facts (DE# 141 at 3, 3/10/14).[3] The defendants fail to cite any record evidence supporting these factual assertions. The Eleventh Circuit has "consistently held that conclusory allegations without specific supporting facts have no probative value" and are insufficient to avoid summary judgment. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).

Here, the record evidence showed that Mr. Ceruti is an independent contractor and not an employee of the plaintiff. See Harper v. Toler, 884 So.2d 1124, 1131 (Fla. 2d DCA 2004) (discussing the ten factors courts look to in determining independent contractor status). During his deposition, Mr. Ceruti testified to spending approximately 20 hours per week working for non-Denarii clients and stated that he was not paid directly by the plaintiff. Deposition of Frank Ceruti (DE# 128-4 at 54-55, 2/14/14). Because there is no conflicting record evidence creating a factual dispute over Mr. Ceruti's status as an independent contractor, the plaintiff is entitled to summary

---

[2] Florida courts have held a party liable for the actions of an independent contractor only where that party is under a non-delegable duty. McCall v. Ala. Bruno's, Inc., 647 So.2d 175, 178 (Fla. 1st DCA 1994) (stating that such non-delegable duties arise out of "inherently dangerous activity," "inherently dangerous elements" and the creation of "inherently dangerous conditions."). This exception to the general rule that a contracting party cannot be held liable for the actions of an independent contractor is inapplicable here.

[3] Some of the documents filed by the parties contain multiple page numbers. To avoid confusion and for the sake of consistency, the undersigned will cite only to the page number appearing on the top right hand corner of the document that is automatically assigned by the Court's CM/ECF system.

judgment on this claim.

## II. Violation of the Florida Whistleblower Act

The Florida Wiretap Act (hereinafter "FWA"), Fla. Stat. § 448.102, states that: "An employer may not take retaliatory action against an employee because the employee has . . . objected to, refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000) (quoting Fla. Stat. § 448.102(3)). To establish a prima facie case under the FWA, defendant Arab must show that: (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action and (3) the adverse employment action was causally linked to the statutorily protected activity. White v. Purdue Pharma, Inc., 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). Once defendant Arab establishes his prima facie case, the burden shifts to the plaintiff to show a legitimate, non-retaliatory reason for his termination. Id. The burden would then shift back to defendant Arab to show by a preponderance of the evidence that the purportedly legitimate reason was pretextual and retaliatory. Hernandez v. Publix Super Mkts., Inc., No. 14-20491-CIV, 2014 WL 1379141, at *5 (S.D. Fla. Apr. 9, 2014).

Defendant Arab maintains that the plaintiff violated the FWA by terminating him after he objected to an allegedly fraudulent contract the plaintiff entered into in Ecuador. The plaintiff moved for summary judgment on the grounds that defendant Arab cannot show that he engaged in protected expression,[4] he cannot establish a causal link and has not shown pretext. See Plaintiff/Counterdefendant's Motion for Summary Judgment (DE# 125 at 7-11, 2/10/14).

The undersigned agrees with the plaintiff that defendant Arab has failed to carry

---

[4] There is some dispute about whether the claimant must show an actual violation as opposed to merely a "good faith, objectively reasonable belief that his activity was protected by the statute." Hernandez, 2014 WL 1379141, at *5 (quoting Aery v. Wallace Lincoln-Mercury, 118 So.3d 904, 916 (Fla. 4th DCA 2013)). The undersigned does not need to decide this issue because other grounds warrant summary judgment for the plaintiff on this claim.

5

his burden of showing a causal link between the protected activity and his termination. White, 369 F. Supp. 2d at 1337. In his affidavit, he attests:

> 29. When I returned to Denarii after the business trip to Ecuador, **I recounted what I had learned while in Ecuador**. It was a problem for me to see that Denarii had signed the contract and recevied money from the government when it was not authorized to do so.
>
> 30. **After I spoke of these issues, things at Denarii became a lot worse for me**. Greynier Fuentes and I met with Denarii executives, who made us turn in all Denarii passwords. Shortly after that, Denarii took away my administrative access, as well as that of Greynier Fuentes. For about a week, I was at Denarii without that access.

Affidavit of Omar Arab (DE# 141-4 at 4, 3/10/14) (emphasis added). Defendant Arab fails to specify who at Denarii he complained to[5] and fails to show a causal link between his disapproval of the plaintiff's activities in Ecuador and his termination.

Even assuming, arguendo, that defendant Arab can establish a prima facie case under the FWA, he has not overcome the legitimate, non-retaliatory reason proffered by the plaintiff. The plaintiff maintains that defendant Arab was terminated for engaging in "significant misconduct." Plaintiff/Counterdefendant's Motion for Summary Judgment (DE# 125 at 12, 2/10/14); see also Termination Letter (DE# 128-1 at 201, 2/14/14). In his affidavit opposing summary judgment, defendant Arab states in a conclusory fashion that "it became obvious to [him] that Denarii was retaliating for having objected to [its] fraudulent contract" in Ecuador. Affidavit of Omar Arab (DE# 141-4 at 4, 3/10/14). "Conclusory allegations without specific supporting facts have no probative value" and are insufficient to avoid summary judgment. Evers, 770 F.2d at 986. Because defendant Arab has failed to show a causal link and has not put forth any evidence establishing that his termination was pretextual, the plaintiff is entitled to summary judgment on this claim.

---

[5] In his deposition, defendant Arab merely states that he forwarded the newspaper articles to Jonathan Mytnik, Denarii's president, and further admitted that Mr. Mytnik never commented or otherwise responded to that email. Deposition of Omar Arab (DE #128-1 at 150-51, 2/14/14); Deposition of Greynier Fuentes (DE # 128-5 at 78, 2/14/14) (stating that Mr. Mytnik is Denarii's president).

## CONCLUSION

Based on the foregoing, the Court hereby enters summary judgment in favor of the plaintiff on the Florida Wiretap Act and Florida Whistleblower Act claims.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30 day of June, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record