# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO.: 12-24239-CIV-O'SULLIVAN

DENARII SYSTEMS, LLC,

      Plaintiff,

v.

OMAR ARAB, GREYNIER FUENTES,
and FRANK ALVAREZ, individuals,
and BLIT TECHNOLOGIES CORP.,
a Florida corporation,

      Defendants.

_____/

## PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS[1]

      Plaintiff, Denarii Systems, LLC ("Denarii"), requests that this Court give the attached jury instructions, as well as any additional instructions that become necessary as evidence is provided.

                              Respectfully submitted,

                              HALL, LAMB AND HALL, P.A.
                              *Attorneys for Plaintiff/Counterdefendant*
                              2665 South Bayshore Drive, PH1
                              Miami, Florida 33133
                              TEL. 305-374-5030
                              FAX. 305-374-5033

                              By: /s/ Adam S. Hall
                                    ADAM S. HALL
                                    FBN 109983

---

[1] This Revision is filed pursuant to the Court's instructions at the Pretrial Conference to eliminate as many of Defendant Arab and Fuentes' objections as possible.  Plaintiff and Defendants Arab and Fuentes have agreed upon all proposed instructions as set forth in these Revised Proposed Instruction, except for Instruction Nos. 43 and 48, which they dispute and which have been *italicized*.  Defendant Alvarez has never articulated any objections to any of Plaintiff's proposed instructions.

COLLEEN L. SMERYAGE
FBN 100023

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow

each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Denarii, claims the Defendants, Omar Arab, Greynier Fuentes, and Frank Alvarez, misappropriated trade secret information from their employer, Denarii, as part of a conspiracy to "end" Denarii. Denarii also claims that the Defendants hacked into Denarii's networked computer systems in order to cripple Denarii's business operations. Denarii also contends that, as part of the same plan, Defendants Arab and Fuentes shut down Denarii's access to its company-wide email. Finally, Denarii claims that Defendants Arab and Fuentes undertook a fraudulent invoicing scheme to steal hundreds of thousands of dollars from their employer, Denarii. The Defendants deny these claims, and Arab and Fuentes believe that Denarii did not make reasonable efforts to protect against unauthorized instrusions. Arab has also asserted counterclaims against Denarii for failing to pay him $10,000 he was owed for his work during the month of October, 2012.

Burden of proof:

Denarii has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Denarii must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Denarii and the evidence favoring Arab, Fuentes, and/or Alvarez on opposite sides of balancing scales, Denarii needs to make the scales tip to its side. If Denarii fails to meet this burden, you must find in favor of Arab, Fuentes, and/or Alvarez on the applicable claim.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After

considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Arab, Fuentes, and/or Alvarez have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Arab, Fuentes, and Alvarez have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Defendants Arab and Fuentes have also brought claims for relief against Denarii called counterclaims. On these claims, Arab and Fuentes have the same burden of proof that Denarii has for its claims.

In addition, sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof that proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Denarii will present its witnesses and ask them questions. After Denarii questions the witness, the Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants Arab, Fuentes, and Alvarez will present their witnesses, and Denarii may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

GIVEN                          _____

GIVEN AS MODIFIED              _____

DENIED                         _____

WITHDRAWN                    _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 1.1).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**
**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters and/or translators. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English interpretation and/or translation provided and disregard any different meaning.

|  |  |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

(Source: Eleventh Circuit Pattern Jury Instructions, § 1.3).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3**
**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

GIVEN       _____

GIVEN AS MODIFIED       _____

DENIED       _____

WITHDRAWN                    _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 1.4).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**
**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

GIVEN                               _____

GIVEN AS MODIFIED                   _____

DENIED                              _____

WITHDRAWN                           _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 2.1).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**
**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Franco Ceruti, is about to be presented to you by a video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

GIVEN                                    _____

GIVEN AS MODIFIED                        _____

DENIED                                   _____

WITHDRAWN                                _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 2.2).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**
**Use of Recorded Conversations and Transcripts**

Now you're going to hear a recorded conversation. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.  If the recording is in a foreign language, you are instructed to accept as evidence only the recording as it is translated by the official court reporter or as a transcript that may be provided, as I have previously instructed you.

GIVEN                            _____

GIVEN AS MODIFIED        _____

DENIED                           _____

WITHDRAWN                   _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 2.3).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**
**Court's Instructions to the Jury**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

GIVEN                    _____

GIVEN AS MODIFIED        _____

DENIED                   _____

WITHDRAWN                _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.1).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**
**The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

GIVEN                                   _____

GIVEN AS MODIFIED            _____

DENIED                                _____

WITHDRAWN                       _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.2).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

|  |  |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.3).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

GIVEN                                    _____

GIVEN AS MODIFIED              _____

DENIED                                   _____

WITHDRAWN                         _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.6.1).

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11
### Duty to Deliberate When Both Plaintiff and Defendant Claim Damages

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GIVEN                              _____

GIVEN AS MODIFIED        _____

DENIED                            _____

WITHDRAWN                    _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.8.2).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12**
**Violation of Florida's Uniform Trade Secrets Act, Fla. Stat. § 688**

Plaintiff Denarii Systems, LLC has asserted eight claims against the Defendants in this action—seven of which will be determined by the jury.  The first claim for your determination is whether the Defendants violated Florida's Uniform Trade Secrets Act, codified at Fla. Stat. § 688, by misappropriating trade secrets from Denarii.

For its claim of misappropriation of trade secrets, Denarii contends that the Defendants violated the Uniform Trade Secrets Act by accessing and copying over 8,500 files containing Denarii's proprietary source code using improper means.  Denarii also contends (as addressed more fully in Count IV) that the Defendants misappropriated the source code as part of a larger conspiracy to damage Denarii as I will instruct you on the subject of conspiracy shortly.

The Defendants deny that any such misappropriation occurred.

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13**
**Florida's Uniform Trade Secrets Act Definitions**

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A trade secret may be any form of information that is valuable to a business and maintained in secrecy. A trade secret may take many forms. Some common examples are formulas, patterns, designs of machines, customer lists, compilations of data, computer programs, and manufacturing processes. Information that is not reduced to any tangible form may also constitute a trade secret.

The claimant need not be the only one who knows about the trade secret. Others in the industry may have learned of it independently. As long as it is not commonly known, it may still qualify as a trade secret.

The Parties in this case have stipulated that the source code developed by Denarii constitutes a trade secret.


GIVEN                          _____

GIVEN AS MODIFIED              _____

DENIED                         _____

WITHDRAWN                      _____


(Source: ABA Proposed Model Jury Instructions in a Trade Secret Case; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 474-75 (1974); *Smith v. Dravo Corp.*, 203 F.2d 369, 374 (7th Cir. 1953); *Motorola, Inc. v. Fairchild Camera and Instrument Corp.*, 366 F. Supp. 1173 (D. Ariz. 1973); Joint Pretrial Stipulation at p. 21, ¶ G(1)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14**
**Misappropriation Under Florida's Uniform Trade Secrets Act**

Because the Parties have stipulated that Denarii has a protectable trade secret in its source code, then you must only decide whether any one or more of the Defendants misappropriated Denarii's trade secret.

Misappropriation means the acquiring of a trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means. There is no limit to the number of forms which improper means may take, so long as the means used are improper.

The improper means need not be used directly by each of the Defendants. If a Defendant learned of the trade secret from someone he knew or had reason to know had used improper means, there is also misappropriation.

To prove misappropriation, Denarii need not produce direct evidence of the alleged improper means. Direct evidence is seldom available because most improper means are inherently stealthy. You may rely on and make reasonable inferences from circumstantial evidence, such as similarity of designs and access by defendant to plaintiff's trade secret, if such evidence was offered and you find it credible.

GIVEN                             _____

GIVEN AS MODIFIED                 _____

DENIED                            _____

WITHDRAWN                         _____

(Source: ABA Proposed Model Jury Instructions in a Trade Secret Case; Joint Pretrial Stipulation at p. 21, ¶ G(1)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15**
**Confidential Relationship**

One may acquire knowledge of a trade secret by means which appear proper, yet still be under a duty not to use or disclose it.  When one party discloses a trade secret in confidence, and the other party receives it in confidence and with the express or implied understanding that it is valuable and not to be disclosed to others, nor used beyond the limits of the confidence without permission, then a confidential relationship exists.  Such a situation arises only when both parties expressly or impliedly agree that the disclosure is being made in confidence.

If Defendants Arab, Fuentes, and/or Alvarez were in a confidential relationship with Denarii, or if they derived their knowledge of the trade secret from one who they knew or should have known was in such a relationship, then they were and are bound not to improperly use or disclose the trade secret.

GIVEN                                   _____

GIVEN AS MODIFIED                _____

DENIED                                 _____

WITHDRAWN                         _____

(Source: ABA Proposed Model Jury Instructions in a Trade Secret Case).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16**
**Acquisition of Trade Secret**

Violation of Florida's Uniform Trade Secret Act may occur either when a trade secret is acquired through improper means, or if the trade secret is used by someone without proper consent.  Notably, a violation may still occur even if the defendant does not end up using the trade secret for his own monetary gain. As long as he has mis-acquired the trade secret, there is still a violation.

One may also violate Florida's Uniform Trade Secret Act even if he or she was not the individual responsible for misappropriating the trade secret.  A violation can occur where the person knows or has reason to know that the trade secret was acquired by improper means.

GIVEN                              _____

GIVEN AS MODIFIED                  _____

DENIED                             _____

WITHDRAWN                          _____

 (Source: Fla. Stat. § 688.002(2); *Tedder Boat Ramp Systems, Inc. v. Hillsborough County, Fla.*, 54 F.Supp.2d 1300, 1302 (M.D. Fla. 1999)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17**
**Verdict on Uniform Trade Secrets Act Claim**

If a preponderance of the evidence supports Denarii's claim that any one or more of the Defendants misappropriated Denarii's trade secret, then your verdict on this claim should be for Denarii and you may award damages as I will instruct you shortly.

However, if a preponderance of the evidence does not support Denarii's claim that one or more of the Defendants misappropriated Denarii's trade secret, then your verdict should be for that particular Defendant on this claim.

GIVEN                                    _____

GIVEN AS MODIFIED            _____

DENIED                                   _____

WITHDRAWN                         _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18**
**Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

The second claim for your determination is whether the Defendants violated the United States Computer Fraud and Abuse Act, codified at 18 U.S.C. § 1030.

Denarii contends that the Defendants violated the Computer Fraud and Abuse Act through a number of actions, including: (i) the access and copying of 8,500 files containing proprietary source code and/or software; (ii) deletion of data from Denarii laptops assigned to Omar Arab and Greynier Fuentes; (iii) unauthorized access to Denarii's networked systems on October 21, 2012; and (iv) unauthorized changes to Denarii's networked systems and/or Microsoft Office 365 account, which prevented Denarii from receiving any company email.

The Defendants deny the claim for violation of the Computer Fraud and Abuse Act.

GIVEN                              _____

GIVEN AS MODIFIED          _____

DENIED                            _____

WITHDRAWN                    _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19**
**Obtaining Confidential Information in Violation of 18 U.S.C. § 1030(a)(2)(C)**

Violation of 18 U.S.C. § 1030(a)(2)(C) (one specific provision of the Computer Fraud and Abuse Act) has three essential elements, which are:

- One, the Defendant(s) intentionally accessed a computer without authorization or exceeded authorized access;
- Two, the Defendant(s) obtained information from any protected computer.
- Three, as a result of such conduct, the Defendant(s) obtained information having a value exceeding $5,000.00.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device. (Source: 18 U.S.C. § 1030(e)(1)).

The phrase "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter. (Source: 18 U.S.C. § 1030(e)(6)).

The phrase "obtained information" "includes merely reading the information. There is no requirement that the information be copied or transported." (Source: S. Rep. 104-357, at 7 (1996), *available at* 1996 WL 492169).

The term "protected computer" means a computer which is used in interstate commerce and/or communication, including a computer located outside the United States that is used in a manner that affects interstate commerce and/or communication of the United States. (Source: 18 U.S.C. § 1030(e)(2)). The Parties have stipulated that the computers at issue in this case are protected computers.

The term "<u>loss</u>" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. (Source: 18 U.S.C. § 1030(e)(11)).

GIVEN                                        _____

GIVEN AS MODIFIED                _____

DENIED                                      _____

WITHDRAWN                           _____

(Sources: 18 U.S.C. § 1030(a)(2)(C); Department of Justice, "Prosecuting Computer Crimes" Manual, Model Jury Instructions).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 20**
**Transmission of a Program to Cause Damage to a Computer**
**in Violation of 18 U.S.C. § 1030(a)(5)(A)**

Violation of 18 U.S.C. § 1030(a)(5)(A) (a separate provision of the Computer Fraud and Abuse Act) has three essential elements, which are:

- One, the Defendant(s) knowingly caused the transmission of code and/or a command to a protected computer; and
- Two, the Defendant(s), as a result of such conduct, intentionally caused damage to a protected computer without authorization; and
- Three, as a result of such conduct, the Defendant(s) caused loss to Denarii of an aggregate value of $5,000.00 or more.

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information. (Source: 18 U.S.C. § 1030(e)(8)).

GIVEN                          _____

GIVEN AS MODIFIED              _____

DENIED                         _____

WITHDRAWN                      _____

(Source: 18 U.S.C. § 1030 (a)(5)(A)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 21**
**Causing Damage to a Computer in Violation of 18 U.S.C. § 1030(a)(5)(B)**

Violation of 18 U.S.C. § 1030(a)(5)(B), a third provision in the Computer Fraud and Abuse Act has three essential elements, which are:

- One, the Defendant(s) intentionally accessed a protected computer without authorization;
- Two, the Defendant(s), as a result of such conduct, recklessly caused damage;
- Three, as a result of such conduct, the Defendant(s) caused loss to Denarii of an aggregate value of $5,000.00 or more.

The term "recklessly" is characterized by the creation of a substantial and unjustifiable risk of harm to others and by a conscious (and sometimes deliberate) disregard or indifference to that risk; heedless; rash.

GIVEN                       _____

GIVEN AS MODIFIED           _____

DENIED                      _____

WITHDRAWN                   _____

(Source: 18 U.S.C. § 1030(a)(5)(B); "Reckless," Black's Law Dictionary (9th ed. 2009)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 22**
**Verdict on Computer Fraud and Abuse Act Claim**

If you find by a preponderance of the evidence that any one of the Defendants obtained confidential information from Denarii's computers and/or Microsoft's computers in violation of 18 U.S.C. 1030(a)(2)(C), and if you find that any one of the Defendant(s) obtained information having a value exceeding $5,000.00, then your verdict should be for Denarii on this claim and you may award damages as I will instruct you shortly.

If, either alternatively or at the same time, you find that any one of the Defendants transmitted code and/or a command to cause damage to Denarii's and/or Microsoft's computer(s) in violation of 18 U.S.C. § 1030(a)(5)(A), and if you find that a loss exceeding $5,000.00 to Denarii occurred as a result, then your verdict should be for Denarii on this claim and you may award damages as I will instruct you shortly.

If, either alternatively or at the same time, you find that any one of the Defendants recklessly caused damage to Denarii's and/or Microsoft's computer(s) in violation of 18 U.S.C. § 1030(a)(5)(B), and if you find that a loss exceeding $5,000.00 to Denarii occurred as a result, then your verdict should be for Denarii on this claim and you may award damages as I will instruct you shortly.

However, if a preponderance of the evidence does not support the claim of Denarii that one or more of the Defendants violated the Computer Fraud and Abuse Act, then your verdict should be for the Defendants on this claim.

Denarii must prove its claims for Violation of the Computer Fraud and Abuse Act against each of the Defendants. If Denarii prevails as to one of the Defendants, it does not necessarily mean that it has prevailed against the other(s).

GIVEN                             _____

GIVEN AS MODIFIED                 _____

DENIED                            _____

WITHDRAWN                    _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 23**
**Violation of Stored Communications Act, 18 U.S.C. §§ 2701 & 2707**

The third claim for your determination is whether the Defendants violated the United States Stored Communications Act, codified at 18 U.S.C. § 2701.

Denarii contends that the Defendants violated the Stored Communications Act by making unauthorized changes to Denarii's networked systems and/or Denarii's Microsoft Office 365 account, which prevented Denarii from receiving any company email.

The Defendants deny these claims.

GIVEN                                    _____

GIVEN AS MODIFIED               _____

DENIED                                  _____

WITHDRAWN                         _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 24**
**Accessing Stored Communications in Violation of 18 U.S.C. § 2701(a)(1)**

Violation of the 18 U.S.C. 2701(a)(1), one of the provisions of the Stored Communications Act, has two essential elements, which are:

- One, the Defendant(s) intentionally accessed a facility through which electronic communication service is provided without authorization;
- Two, the Defendant(s), as a result of such conduct, obtained, altered, or prevented authorized access to an electronic communication while it is in electronic storage in such system.

The term "electronic communication service" means any service which provides to users the ability to send or receive wire or electronic communications. (Source: 18 U.S.C. § 2510(15)).

GIVEN                                    _____

GIVEN AS MODIFIED                        _____

DENIED                                   _____

WITHDRAWN                                _____

(Sources: 18 U.S.C. § 2701(a)(1); 18 U.S.C. § 2510(15)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 25**
**Accessing Stored Communications in Violation of 18 U.S.C. § 2701(a)(2)**

In the alternative, you may find that the Defendant(s) did not act without authorization, but instead intentionally exceeded authorization to access a facility through which an electronic communication service is provided.  Such conduct violates a different provision of the Stored Communications Act.

Violation of 18 U.S.C. § 2701(a)(2) has two essential elements, which are:

- One, the Defendant(s) intentionally accessed a facility through which electronic communication service is provided in excess of any authorization to do so;
- Two, the Defendant(s), as a result of such conduct, obtained, altered, or prevented authorized access to an electronic communication while it is in electronic storage in such system.

GIVEN                   _____

GIVEN AS MODIFIED    _____

DENIED                 _____

WITHDRAWN         _____

(Source: 18 U.S.C. § 2701(a)(2)).

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 26
### Verdict on Stored Communications Act Claim

If you find, based on a preponderance of the evidence, that one or more of the Defendants intentionally accessed stored communications in violation of 18 U.S.C. § 2701(a)(1), and acted without authorization in doing so, then your verdict on this claim should be for Denarii and you may award damages as I will instruct you shortly.

If, either alternatively or at the same time, you find by a preponderance of the evidence that one or more of the Defendants intentionally accessed stored communications in violation of 18 U.S.C. § 2701(a)(2), and acted in excess of authorization in doing so, then your verdict on this claim should be for Denarii and you may award damages as I will instruct you shortly.

However, if a preponderance of the evidence does not support Denarii's claim that one or more of the Defendants violated the Stored Communications Act, then your verdict should be for the Defendants on this claim.

Denarii must prove its claim for Violation of the Stored Communications Act against each of the Defendants. If Denarii prevails as to one of the Defendants, it does not necessarily mean that it has prevailed against the other(s).

GIVEN _____

GIVEN AS MODIFIED _____

DENIED _____

WITHDRAWN _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 27**
**Civil Conspiracy**

The fourth claim for your determination is whether the Defendants engaged in a civil conspiracy against Denarii.

Denarii contends that the Defendants conspired to misappropriate Denarii's proprietary source code, developed at great expense to Denarii, for their own purpose. It is also alleged that Defendants conspired to cripple Denarii by hacking into its networked systems in order to cause damage, and by preventing Denarii from receiving its company emails.

The Defendants deny that any such conspiracy existed.

GIVEN                         _____

GIVEN AS MODIFIED             _____

DENIED                        _____

WITHDRAWN                     _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 28**
**Civil Conspiracy Definition**

A civil conspiracy is a combination of two or more persons who agree to act together to inflict a wrong or an injury upon another, or who agree to act together to commit a lawful act using an unlawful means to inflict a wrong or injury upon another, and causes damage to the injured party as a result of the acts done under the conspiracy .  An agreement may be made orally, or in writing, or may be implied by the conduct of the parties.

GIVEN                                        _____

GIVEN AS MODIFIED                 _____

DENIED                                     _____

WITHDRAWN                          _____

(Source: *Kurnow v. Abbott*, 114 So.3d 1099, nt. 4 (Fla. 1st DCA 2013); *Charles v. Florida Foreclosure Placement Center, LLC*, 988 So.2d 1157, 1160 (Fla. 3d DCA 2008)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 29**
**Joint and Several Liability of Co-Conspirators**

Each co-conspirator need not take part in the planning, inception or successful conclusion of a conspiracy in order to be held liable for the conspiracy; each need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his co-conspirators.  As a result, an act done in pursuit of a conspiracy by one conspirator is an act for which each other conspirator is jointly and severally liable.

GIVEN                                    _____

GIVEN AS MODIFIED                _____

DENIED                                  _____

WITHDRAWN                          _____

(Sources: *Donofrio v. Matassini*, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987); *Nicholson v. Kellin*, 481 So.2d 931, 935 (Fla. 5th DCA 1985)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 30**
**Proof of Conspiracy**

Denarii need not produce direct evidence of a conspiracy in order to succeed on its claim against Defendants.  The existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence indicative of an overall plan.


As I instructed you at the beginning of the case, "<u>direct evidence</u>" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.


"<u>Circumstantial evidence</u>" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


GIVEN                                    _____

GIVEN AS MODIFIED              _____

DENIED                                  _____

WITHDRAWN                        _____


(Sources: *Donofrio v. Matassini*, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987); Eleventh Circuit Pattern Jury Instructions, § 1.1).
.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 31**
**Civil Conspiracy Elements**

The elements which must be proved are: (i) a conspiracy between two or more parties, (ii) to do an unlawful act or to do a lawful act by unlawful means, (iii) the doing of some overt act in pursuance of the conspiracy, and (iv) damage to plaintiff as a result of the acts performed pursuant to the conspiracy.

GIVEN                                          _____

GIVEN AS MODIFIED                  _____

DENIED                                        _____

WITHDRAWN                             _____


(Source: *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th DCA 2006)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 32**
**Verdict on Civil Conspiracy Claim**

If a preponderance of the evidence supports Denarii's claim that the Defendants entered into a civil conspiracy aimed at misappropriating Denarii's trade secret and disrupting Denarii's business operations, and any of the Defendants took some overt act in furtherance of the conspiracy, then your verdict on this claim should be for Denarii and against any of the defendants who engaged in the conspiracy, regardless of whether or not that particular defendant undertook an overt act in furtherance thereo.  You may then award damages as I will instruct you shortly.


However, if a preponderance of the evidence does not support Denarii's claim that the Defendants entered into a civil conspiracy aimed at misappropriating Denarii's trade secret and disrupting Denarii's business operations, then your verdict on this claim should be for the Defendants.


| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 33**
**Fraud**

The fifth, sixth, and seventh claims for your determination deal with whether Defendants Arab and Fuentes defrauded Denarii with regard to the payment of invoices from Blit Technologies Inc., Optimus Consulting Services, and CDA Tecnologia Informatica.

As part of its first fraud claim, Denarii alleges that Defendants Arab and Fuentes committed fraud on Denarii by falsely representing to Denarii that various hardware and software was being provided to Denarii by Blit Technologies, despite the fact that the hardware and software was never provided, and that Defendants Arab and Fuentes knew that these items were not provided to Denarii by Blit Technologies. It is also alleged that Denarii relied on these representations and paid Blit money for goods that were never provided.

Denarii alleges that Defendants Arab and Fuentes undertook this fraudulent invoicing scheme in order to keep the money for themselves, and allege that Blit Technologies operated as the alter ego of Arab and Fuentes.

As part of its second fraud claim, Denarii alleges that Defendant Arab committed fraud on Denarii by falsely representing to Denarii that Alberto Padin and/or Optimus Consulting Services was performing work for Denarii. It is also alleged that Arab made these representations despite his own knowledge that Alberto Padin and/or Optimus Consulting Services was not performing the work represented in the invoices approved by Defendant Arab for payment by Denarii. Finally, it is alleged that Denarii relied on these representations and paid Alberto Padin and/or Optimus Consulting Services for work that was never performed.

Denarii alleges that Defendant Arab undertook this fraudulent invoicing scheme in order to funnel much of the money paid to Optimus Consulting Services back to himself.

As part of its third fraud claim, Denarii alleges that Defendant Arab committed fraud on Denarii by falsely representing to Denarii that invoices from CDA Tecnologia Informatica represented work that was being performed for Denarii. Denarii alleges that a significant portion

of the funds paid by Denarii was not rendered for work being performed, but was instead transferred to Arab as part of a kickback scheme between Arab and CDa Tecnologia Informatica. It is alleged that Arab represented to Denarii that the invoices correlated with work actually being performed, despite his own knowledge that a certain portion of the funds was being paid to him for his own personal use.  Finally, it is alleged that Denarii relied on these representations and paid CDA Tecnologia Informatica for work that was never performed.

The Defendants deny that any such fraud occurred.

GIVEN                          _____

GIVEN AS MODIFIED              _____

DENIED                         _____

WITHDRAWN                      _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 34**
**Fraud Elements**

On each of Denarii's claims for fraud, the issues for your determination are:

- First, whether Defendants Arab and/or Fuentes made a false statement concerning a material fact;
- Second, whether Defendants Arab and/or Fuentes knew the statement was false when he made it or made the statement knowing he was without knowledge of its truth or falsity;
- Third, whether in making the false statement, Defendants Arab and/or Fuentes intended that another would rely on the false statement;
- Fourth, whether Denarii relied on the false statement; and
- Fifth, whether the false statement was a legal cause of loss to Denarii.

There must be actual damage for recovery in a fraud action.


GIVEN                          _____

GIVEN AS MODIFIED               _____

DENIED                          _____

WITHDRAWN                       _____


(Source: Florida Standard Jury Instructions  § 409.7)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 35**
**Reliance on False Statement**

On its claims for fraud, Denarii may rely on a false statement, even though its falsity could have been discovered if Denarii had made an investigation.  However, Denarii may not rely on a false statement if Denarii knew it was false or its falsity was obvious to Denarii.

A "statement" may be a verbal assertion or nonverbal conduct intended as an assertion. For example, a false invoice submitted for payment may qualify as a statement.

GIVEN                             _____

GIVEN AS MODIFIED         _____

DENIED                            _____

WITHDRAWN                   _____

(Sources: Florida Standard Jury Instructions § 409.7; *Walgreen Co. v. Premier Products of America*, 2012 WL 527169 (M.D. Fla. Feb. 17, 2012); *Simon Property Group v. Lauria*, 2012 WL 1934405 (M.D. Fla. May 29, 2012); *Simon Property Group v. Lauria*, 2012 WL 3128957 (M.D. Fla. Aug. 1, 2012)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 36**
**Verdict on Fraud Claims**

If a preponderance of the evidence supports Denarii's claim that Defendant Arab and/or Defendant Fuentes defrauded Denarii with regard to the Blit Technologies Inc. invoices, then your verdict on this claim should be for Denarii and you may award damages as I will instruct you shortly.

However, if a preponderance of the evidence does not support Denarii's claim that Defendant Arab and/or Defendant Fuentes defrauded Denarii with regard to the Blit Technologies Inc. invoices, then your verdict should be for the Defendants on this claim.

Similarly, if a preponderance of the evidence supports Denarii's claims that Defendant Arab defrauded Denarii with regard to the Optimus Consulting Services invoices and/or the CDA Tecnologia Informatica invoices, then your verdict on these claims should be for Denarii and you may award damages as I will instruct you shortly.

However, if a preponderance of the evidence does not support Denarii's claims that Defendant Arab defrauded Denarii with regard to the Optimus Consulting Services invoices and/or the CDA Tecnologia Informatica invoices, then your verdict should be for the Defendants on these claims.

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 37
**Damages**

If you decide Denarii is entitled to damages based on its Florida's Uniform Trade Secrets Act claim, it is your duty to determine the amount of money that reasonably, fairly and adequately compensates Denarii for any loss suffered as a result of the violation.  Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

If you decide Denarii is entitled to damages based on its Computer Fraud and Abuse Act claim, it is your duty to determine the amount of money that reasonably, fairly, and adequately compensates Denarii for any loss suffered as a result of the violation.  The elements of damage that may be awarded include any reasonable cost to Denarii, including the cost of responding to the offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

If you decide Denarii is entitled to damages based on its Stored Communications Act claim, it is your duty to determine the amount of money that reasonably, fairly, and adequately compensates Denarii for any loss suffered as a result of the violation. The elements of damage that may be awarded include the sum of the actual damages suffered by Denarii and any profits made by the Defendants as a result of the violation.  (The Stored Communications Act provides that "in no case shall a person entitled to recover receive less than the sum of $1,000" based on an individual violation of the Stored Communications Act.)

If you decide Denarii is entitled to damages based on its civil conspiracy claim, it is your duty to determine the amount of money that reasonably, fairly and adequately compensates Denarii for any loss suffered as a result of the conspiracy and the Defendants' underlying acts in furthering the conspiracy.

If you decide Denarii is entitled to damages based on its fraud claims asserted against Defendants Arab and Fuentes, it is your duty to determine the amount of money that reasonably, fairly, and adequately compensates Denarii for any loss suffered as a result of the fraud.

GIVEN                              _____

GIVEN AS MODIFIED                 _____

DENIED                            _____

WITHDRAWN                         _____

(Sources: Fla. Stat. § 688.004; 18 U.S.C. § 1030(e)(11); 18 U.S.C. § 1030(g); 18 U.S.C. § 2707(c); *TracFone Wireless, Inc. v. Pak China Group Co. Ltd*., 843 F.Supp.2d 1284, 1301-02 (S.D. Fla. 2012); *Stowell v. Ted S. Finkel Inv. Services, Inc*., 489 F.Supp. 1209, 1217 (S.D. Fla. 1980)).

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 38
### Punitive Damages

There is an additional claim in this case that you must decide.  If you find for Denarii and against Defendants Arab, Fuentes, and/or Alvarez on Denarii's Uniform Trade Secrets Act claim and/or Denarii's Stored Communications Act claim, you must decide whether, in addition to compensatory damages, punitive damages are warranted as a punishment to one or more of the Defendants and as a deterrent to others.

Punitive damages are assessed in addition to compensatory damages in appropriate cases. They are assessed for the purpose of punishing defendants for engaging in extreme wrongdoing, and to deter others from engaging in similar activity.

Punitive damages are warranted if you find by clear and convincing evidence that the Defendants acted with malice, willfulness, or with such reckless indifference of the plaintiff's rights as to be equivalent to an intentional violation of those rights. An act is done with malice if it was prompted or accompanied by ill will or criminal indifference to civil obligations.  An act is done willfully if it is done voluntarily and intentionally and with malicious intent.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive.

The amount of punitive damages must be proportionate to the magnitude of the wrong committed because a defendant has a right to be free from unreasonable punishment inflicted by an excessive punitive damages award. However, you may not award an amount that would financially destroy Defendant(s).

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should consider the following:

(a)     the nature, extent, and degree of misconduct and the related circumstances, including the following:

(1)     whether the wrongful conduct was motivated solely by unreasonable financial gain;

(2)      whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the Defendant(s);

(3)      whether, at the time of the loss, Defendant(s) had a specific intent to harm Plaintiff and the conduct of Defendant(s) did in fact harm Plaintiff;

(b)      the defendant's financial resources; and

(c)      any other circumstances which may affect the amount of punitive damages.

## Uniform Trade Secrets Act

Under the Uniform Trade Secrets Act, if you find that willful and malicious misappropriation exists, punitive damages may be awarded. The amount of punitive damages cannot exceed twice the amount awarded for the loss to the Plaintiff as a result of the violation.

## Stored Communications Act

If you find that any violation of the Stored Communications Act is willful or intentional, then punitive damages may be warranted.

GIVEN                               _____

GIVEN AS MODIFIED        _____

DENIED                             _____

WITHDRAWN                    _____

(Sources: Fla. Stat. § 688.004(2); 18 U.S.C. § 2707(c); Florida Standard Jury Instructions § 503.2; *Chrysler Corp. v. Wolmer*, 499 So.2d 823 (Fla. 1986); *Winn-Dixie Stores, Inc. v. Robinson*, 472 So.2d 722 (Fla. 1985)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 39**
**Breach of Employment Agreement**

The first counterclaim for your determination is whether Denarii breached an alleged unwritten employment agreement with Counter-Plaintiff Arab.

Arab contends that he and Denarii entered into a contract for payment of $10,000 cash payments to be made by Denarii to Arab each month, in addition to his regular salary as paid through Denarii's payroll system.

Arab claims that Denarii breached this contract by failing to pay Arab $10,000 in October 2012 after Arab was terminated by Denarii.

Denarii denies that it entered into a contract with Arab that allowed for payment of any funds beyond Arab's $180,000 salary, as set forth in his written employment agreement.

GIVEN                                   _____

GIVEN AS MODIFIED              _____

DENIED                                 _____

WITHDRAWN                        _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 40**
**Formation of Contract**

To prove that an oral or contract was created, Arab must prove all of the following:

- One, that the essential agreement terms were clear enough that the parties could understand what each was required to do;
- Two, that the parties agreed to give each other something of value; and
- Three, that the parties agreed to the essential terms of the contract. In determining this element, you must determine whether or not Denarii agreed to pay Arab $10,000 per month in addition to the amounts set forth in his written employment letter.

When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  The making of a contract depends only on what the parties said or did.  You may not consider the parties' thoughts or unspoken intentions.

GIVEN                              _____

GIVEN AS MODIFIED          _____

DENIED                            _____

WITHDRAWN                     _____

(Source: Florida Standard Jury Instructions § 416.3).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 41**
**Breach of Contract Elements**

To recover damages from Denarii for breach of contract, Arab must prove all of the following:

- One, that Arab and Denarii entered into a contract;
- Two, that Arab did all, or substantially all, of the essential things which the contract required him to do;
- Three, Denarii failed to do something essential which the contract required it to do; and
- Four, that Arab was harmed by that failure.


GIVEN                            _____

GIVEN AS MODIFIED                _____

DENIED                           _____

WITHDRAWN                        _____


(Source: Florida Standard Jury Instructions § 416.4).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 42**
**Sufficient Consideration**

When two parties enter into a contract, each side must provide sufficient consideration in order to support an enforceable promise.  Consideration is defined as something (such as an act or a return promise) bargained for and received by a promisor from a promise, or "that which motivates a person to do something, especially to engage in a legal act."

A promise by an employee to perform for additional consideration or benefit an act within the scope of an already established employment relationship is insufficient consideration to support an enforceable contract for such additional compensation.  In other words, if an employee already has a pre-existing duty to perform his job, his performance of these same duties does not constitute the consideration necessary to support a valid contract for additional compensation.

Accordingly, in order to find that Arab and Denarii entered into an enforceable contract, you must first find that Arab provided Denarii with sufficient consideration (beyond his pre-existing duty to perform his job) to support an agreement for additional $10,000 monthly payments beyond Arab's annual $180,000 salary as set forth in the written employment letter.

GIVEN                           _____

GIVEN AS MODIFIED               _____

DENIED                          _____

WITHDRAWN                       _____

(Sources: "Consideration," Black's Law Dictionary (9th ed. 2009); *In re Annicott Excellence, LLC*, 259 B.R. 782, 792-93 (Bankr. M.D. Fla. 2001); *Senter v. JPMorgan Chase Bank, N.A.*, 810 F.Supp.2d 1339, 1346 (S.D. Fla. 2011)).

GIVEN                           _____

GIVEN AS MODIFIED               _____

DENIED          _____

WITHDRAWN       _____

(Source: Florida Standard Jury Instruction 416.5).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 43**
**Existence of Contradictory Written Contract**

Negotiations and conversations which precede and accompany the making of a contract are presumed to be included in the writing where there is a written agreement between two parties.

Therefore, if you find that Arab and Denarii entered into a valid written agreement addressing Arab's compensation, it is presumed that any other agreement addressing Arab's compensation is merged into the written agreement.

GIVEN                              _____

GIVEN AS MODIFIED            _____

DENIED                             _____

WITHDRAWN                   _____

(Source: Carlon, Inc. v. Southland Diversified Co., 381 So.2d 291, 293 (Fla. 4th DCA 1980)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 44**
**Verdict on Breach of Employment Agreement**

If you determine that the parties entered into an agreement whereby Denarii agreed to compensate Arab an additional $10,000 each month, and that this agreement was supported by sufficient consideration, the next issue you must determine is whether Arab performed under the agreement and whether Denarii breached the agreement by failing to pay Arab $10,000 in additional compensation in October 2012.

If a preponderance of the evidence does not support the claim of Arab that Denarii breached the agreement by failing to pay Arab $10,000 in October 2012, then your verdict on this claim should be for Denarii.

However, if a preponderance of the evidence does support Arab's claim that Denarii breached the agreement by failing to pay Arab $10,000 in October 2012, then your verdict should be for Arab on this claim and you may award damages to Arab as I will instruct you shortly.

GIVEN                              _____

GIVEN AS MODIFIED        _____

DENIED                            _____

WITHDRAWN                   _____

(Sources: Florida Standard Jury Instruction § 401.23; Florida Forms of Jury Instructions, § 42.20).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 45**
**Unjust Enrichment**

The second counterclaim for your determination is whether Denarii was unjustly enriched by allegedly failing to pay Counter-Plaintiff Arab an additional $10,000 following his termination in October 2012.

Arab alleges that he and Denarii entered into an unwritten arrangement whereby Denarii would pay $10,000 to Arab each month, in addition to his regular salary as paid through Denarii's payroll system.

Arab alleges that Denarii failed to pay him the $10,000 he was owed in October 2012, despite the fact that he conferred a benefit on Denarii during that month. As a result, he contends Denarii would be unjustly enriched if it were allowed to keep the $10,000 that should have been paid to him.

Denarii denies that it had any unwritten arrangement with Arab that allowed for payment of any funds beyond Arab's $180,000 salary.

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| DENIED | _____ |
| WITHDRAWN | _____ |

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 46**
**Unjust Enrichment Elements**

To recover damages from Denarii for unjust enrichment, Arab must prove all of the following:

- One, that Arab conferred a benefit upon Denarii;
- Two, that Denarii appreciated the benefit conferred by Arab; and
- Three, it would be inequitable for Denarii to retain the benefit conferred by Arab without paying the value thereof.


GIVEN                              _____

GIVEN AS MODIFIED                  _____

DENIED                             _____

WITHDRAWN                          _____


(Source: *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 47**
**Availability of Unjust Enrichment**

Unjust enrichment is not available where an employee has provided an employer with no more than that which he was hired to do and for which he was paid his agreed upon compensation.

Therefore, if you find that Arab performed those tasks he was hired to do and for which he was paid his agreed upon compensation, no unjust enrichment exists.

GIVEN                              _____

GIVEN AS MODIFIED                 _____

DENIED                            _____

WITHDRAWN                         _____

(Sources: *Sleit v. Ricoh Corp.*, 2008 WL 4826113, at *10 (M.D. Fla. Nov. 4, 2008); *N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So.2d 672 (Fla. 3d DCA 2000); *Gene B. Glick Co. v. Sunshine Ready Concrete Co.*, 651 So.2d 190 (Fla. 4th DCA 1995)).

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 48
#### Unjust Enrichment Where Written Agreement Exists

Unjust enrichment is not available where the rights and obligations of the parties are addressed in a written contract.

Therefore, if you find that the written employment letter entered into between Arab and Denarii addresses Arab's compensation as an employee of Denarii, no unjust enrichment exists.

GIVEN       _____

GIVEN AS MODIFIED       _____

DENIED       _____

WITHDRAWN       _____

(Sources: *White Const. Co., Inc. v. Martin Marietta Materias, Inc.*, 633 F.Supp.2d 1302 (M.D. Fla. 2009); *Ocean Communications, Inc. v. Bubeck*, 956 So.2d 1222, 1225 (Fla. 4th DCA 2007); *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. 1st DCA 2008); *Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 49**
**Verdict on Unjust Enrichment**

If you determine that Arab conferred a benefit on Denarii during the month of October 2012, and that Arab was not compensated for this benefit despite being paid his salary for the month of October 2012, the next issue you must determine is whether it would be inequitable for Denarii to retain the benefit conferred by Arab without payment of $10,000 in additional compensation to Arab for October 2012.

If a preponderance of the evidence does not support the claim of Arab that Denarii was unjust enriched by failing to pay Arab $10,000 in October 2012, then your verdict on this claim should be for Denarii.

However, if a preponderance of the evidence does support Arab's claim that Denarii was unjust enriched by failing to pay Arab $10,000 in October 2012, then your verdict should be for Arab on this claim and you may award damages to Arab as I will instruct you shortly.

GIVEN                          _____

GIVEN AS MODIFIED              _____

DENIED                         _____

WITHDRAWN                      _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 50**
**Damages**

If you decide Counter-Plaintiff Arab is entitled to damages based on Denarii's alleged breach of employment agreement, it is your duty to determine the amount of money that reasonably, fairly and adequately compensates Arab for any loss suffered as a result of the violation.

If you decide Counter-Plaintiff Arab is entitled to damages based on Denarii's alleged unjust enrichment, it is your duty to determine the amount of money that reasonably and fairly disgorges Denarii of any benefit it improperly received and retained.

GIVEN                                   _____

GIVEN AS MODIFIED                       _____

DENIED                                  _____

WITHDRAWN                               _____

(Sources: Fla. Stat. § 934.10(b); Fla. Stat. § 448.103; *Lindon v. Dalton Hotel Corp.*, 49 So.3d 299, 305 (Fla. 5th DCA 2010); *Mitchell v. Consolidated Freightways Corp. of Delaware*, 747 F.Supp. 1446, 1450 n.4 (M.D. Fla. 1990)).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 51**
**Election of Foreperson and Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. [Explain verdict form.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

GIVEN _____

GIVEN AS MODIFIED _____

DENIED _____

WITHDRAWN _____

(Source: Eleventh Circuit Pattern Jury Instructions, § 3.9).

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 31, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court via CM/ECF. I also certify that the foregoing document is being served this day via the Court's CM/ECF system on:

Gomm & Smith, P.A.
*Attorneys for Defendants/Counterplaintiffs*
*Omar Arab and Greynier Fuentes*
175 SW 7th Street, Suite 2110
Miami, Florida 33130
TEL. 305-856-7723
FAX. 786-220-8265
Kristin.drecktrah@gommsmith.com
Quinn.smith@gommsmith.com

Law Office of Rick Yabor, P.A.
*Attorneys for Defendant*
*Frank Alvarez*
2200 South Dixie Highway
Suite 704
Coconut Grove, Florida 33133
TEL. 305-322-5617
FAX. 305-779-5902
Rick.yabor@yaborlaw.com

By: /s/ Colleen L. Smeryage
COLLEEN L. SMERYAGE