UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-24239-CIV-O'SULLIVAN
[CONSENT]

DENARII SYSTEMS, LLC,
    Plaintiff,

v.

OMAR ARAB, GREYNIER FUENTES
FRANK ALVAREZ and BLIT
TECHNOLOGIES CORPORATION,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14). The parties consented to the Magistrate Judge hearing all matters in this case. With respect to the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14), the undersigned issues the following Order.

## BACKGROUND

On October 30, 2012, the plaintiff filed this lawsuit, and the case was removed to this Court on November 29, 2012 (DE #1, 11/29/12). An Amended Final Judgement was entered in favor of the plaintiff against each of the defendants on September 22, 2014 (DE # 220, 9/22/14). On October 20, 2014, the plaintiff filed the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14). Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default**. (Emphasis supplied).

Having received no responses from the defendants, and responses having due, on December 9, 2014, the undersigned issued an Order (DE # 227, 12/9/14) in which he ordered that the defendants file a response to the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) on or before January 6, 2015.  The defendants were warned in that Order that the failure by the defendants to respond to the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) on or before January 6, 2015, may result in an Order granting the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) in its entirety. As of the date of this Order, no responses have been filed with the Court by the defendants to the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) .  The plaintiff seeks attorney's fees pursuant to both Florida and federal statutes.

As noted above, a response to  the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) is past due and to date, the defendants have not filed a response. Also, as noted above, Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

Having received no response from the defendants, the undersigned turns to an analysis of the plaintiff's entitlement to the fees and costs requested.

**ANALYSIS**

**I. Attorney's Fees**

A. Entitlement to Attorney's Fees

The Court entered an Amended Final Judgment in favor of the plaintiff, the plaintiff prevailed in the case at bar, and is entitled to an award of attorney's fees pursuant to Florida and federal statutes.

B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

1. Reasonable Hourly Rate

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the

customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  Mallory, 923 F. Supp. at 1555 (citing  Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

      The plaintiff requests an hourly rate of $500.00 for Adam Hall, an hourly rate of $500.00 for Andrew Hall, an hourly rate of $375.00 for Joycelyn Brown, an hourly rate of $150.00 and $225.00 for Colleen Smeryage, an hourly rate of $150.00 for Kevin Schatzman, an hourly rate of $350.00 for Samuel Cozo, an hourly rate of $225.00 for Marisol Bodero, an hourly rate of $175.00 for Scott Guarcello, an hourly rate of $150.00 for Andrew Freiheit, an hourly rate of $175.00 for Gregory Vaughn, an hourly rate of $135.00 for Richard Barone, an hourly rate of $125.00 for Jamie Geartner, an hourly rate of $75.00 for Alex Hernandez, and an hourly rate that did not exceed $45.00 per hour for contract attorneys.  The plaintiff supports this fee request by submitting itemized billing records and an affidavit by attorney Adam Hall attesting to the reasonableness of the fees.  The undersigned notes that the defendants, in failing to respond to the motion, have not raised an objection to the rates sought.  Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence

from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem excessive. Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868(5th Cir. 1976)). Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, and the Court's familiarity with litigation and attorneys' fees in general, the undersigned finds that the requested hourly rates are reasonable and should be awarded.

        2. Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel. The plaintiff's motion requests reimbursement for 1,780.20 hours for work done by Hall, Lamb, and Hall, P.A. attorneys, and 1,086.90 hours for contract attorneys.

This Court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F. Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous

records have not been kept, the court should not award the full amount requested").

Upon independent review of the plaintiffs' billing records submitted to this Court, the undersigned finds that it was reasonable for plaintiffs' counsel to spend the number of hours for which reimbursement is requested to litigate this case.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Award of Attorney's Fees (DE # 226, 10/20/14) is GRANTED, and the plaintiff is awarded **$482,311.50** in attorneys fees.

DONE AND ORDERED at the United States Courthouse, Miami, Florida this 23rd day of January, 2015.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record